589 P.2d 473

Ivan Earl STONEBERG, Appellant,

v.

Keith NORTHWOOD, Appellee.

No. 2 CA–CIV 2840.

Court of Appeals of Arizona, Division 2.

Dec. 6, 1978.

Darrel G. Brown and Thomas G. Martin, Tucson, for appellant.

Stanton Bloom, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Appellee filed his complaint on October 22, 1976, seeking damages for injuries and expenses resulting from a motor vehicle accident. A default was entered on November 16. On November 17, the appellee presented his evidence to a court commissioner and secured a minute entry order for judgment. Also on November 17, appellant appeared and filed an answer. On November 23, the default judgment was signed and filed. Appellant filed a motion to set aside the default and default judgment on December 24, 1976. The motion was denied on May 13, 1977, in a minute entry order signed by the judge and filed with the clerk, bearing the file stamp of the clerk's office dated May 13, 1977, which, on its face, demonstrated the requisite finality. Rule 58(a), Rules of Civil Procedure, 16 A.R.S. It therefore was appealable.

On May 31, 1977, appellant moved for a rehearing which was heard November 17 and denied the following day in a formal order on the ground of untimeliness. Appellant appeals from this order. However, under Rule 59(d), a motion for new trial must be filed not later than 15 days after entry of judgment, a time limit which was not met for this document since the default judgment was entered November 23, 1976.

Since the labeling of the document is not to be given rigid weight, we can assume for purposes of argument that it is a motion under Rule 60(c). We realize that a motion under Rule 60(c) was filed by appellant on December 24, 1976, and we assume, arguendo, that successive motions under this rule may be filed. Even giving appellant that advantage, the second Rule 60(c) which is labeled, "Motion for Rehearing," was not timely filed. Under Rule 60(c), a motion must be filed not more than six months after judgment if the reason is newly discovered evidence which it is in this case. This time limit was not observed and therefore the document cannot be considered a timely Rule 60(c) motion.

The trial court was correct in denying the May 31 motion on the ground of untimeliness.

Affirmed.

HOWARD, J., and HENRY S. STEVENS, Judge Retired, concur.