627 P.2d 1085

Regina M. JOHNSON (formerly Regina M. Nelson), Petitioner-Appellee,

v.

Henry J. NELSON, Respondent-Appellant.

No. 1 CA–CIV 5586.

Court of Appeals of Arizona, Division One, Department A.

Jan. 13, 1981.

Marce & Peskind, P. C. by Roger R. Marce, Phoenix, for petitioner-appellee.

Wade Church, P. C. by Wade Church, Phoenix, for respondent-appellant.

## OPINION

PER CURIAM.

Appellee's motion to dismiss this appeal raises the question of whether a signed minute entry constitutes an appealable order. We hold that it does not.

The appeal arises out of post-divorce proceedings instituted by the appellee, Regina Johnson, to obtain payment of delinquent child support. A judgment was entered in favor of appellee on April 3, 1980. Appellant subsequently filed a "petition for reconsideration and motion for new trial". On May 5, 1980, the trial judge dictated and signed a two-page minute entry denying the motion. The minute entry order further awarded an additional $200.00 attorney's fees to appellee. Both pages of the minute entry are stamped "received" and "processed" on May 6, 1980, by the "clerk of the court-mail distribution center".

Appellant subsequently lodged a form of judgment with the superior court. This form of judgment stated that his motion for a new trial was denied. Appellant contended in proceedings before the court that the signed minute entry could not constitute the basis for an appeal. Appellee contended to the contrary that the signed minute entry was an appealable order and that the time for appeal had expired. The trial court agreed with appellee, stating in his minute entry disposing of the matter that there was no necessity for signing an order repeating the decision embodied in the previous minute entry. Appellant filed a notice of appeal from the May 5th minute entry denying his motion for new trial, and from the minute entry refusing to sign a formal order denying the motion for new trial, dated July 9, 1980.

After the appeal had been docketed, appellee moved to dismiss it. The motion is based upon appellee's position that a signed minute entry denying a motion for new trial is a formally as well as substantively appealable order, and that the time for taking the appeal commenced with the receipt of the signed minute entry by the superior court on May 6, 1980, and expired on June 5, 1980.

██ An order denying a motion for new trial is an appealable order. A.R.S. § 12-2101(F)(1). Under 16 A.R.S. Rules of Civil Procedure, rule 58(a), all judgments "shall be in writing and signed by a judge or a court commissioner . . . ." A "judgment", as that term is used in the rules of civil procedure, "includes . . . an order from which an appeal lies." 16 A.R.S.Rules of Civil Procedure, rule 54(a). Thus, an order denying a motion for new trial must, in order to be appealable, be in writing and signed by a judge or authorized court commissioner. *Wiltbank v. Lyman Water Company*, 13 Ariz.App. 485, 477 P.2d 771 (1970), *petition for review denied*, 107 Ariz. 252, 485 P.2d 822 (1971).

In *Stoneberg v. Northwood*, 121 Ariz. 230, 589 P.2d 473 (App.1978), Division Two of this court held that a minute entry order signed by the judge and filed with the clerk

was in compliance with rule 58(a) and therefore an appealable order. We find ourselves in disagreement with our brothers in Division Two as to the effect of the phrase "in writing" in rule 58(a).

Present rule 58(a) must be read in the context of its substantial amendment in 1961. Prior to that amendment, judgments for money and costs only, or judgments denying all relief, were not required to be in writing in the sense of being a part of a formalized writing. Such judgments were required to be entered by the clerk in the civil docket book upon receipt of an appropriate direction from the court. *See Harbel Oil Company v. Steele*, 81 Ariz. 104, 301 P.2d 757 (1956).

The purposes and intended effects of the 1961 amendment are set forth at considerable length in the State Bar Committee Notes appearing at pages 600–603 in 16 A.R.S. The following are excerpts from the aforesaid State Bar Committee Notes:

. . . . .

The primary purpose of the amended rule is to formalize by a writing all judgments, decrees and appealable orders, and to fix the crucial act of entry of every judgment, decree or appealable order by reference to the date of its filing, rather than, as now in some cases, to the date it is noted clerically in the docket book.

. . . . .

The amended rule will have other beneficial effects. Thus, a formal judgment will facilitate its recording to become a lien on real property (see A.R.S. section 33–961) as well as a suit on the judgment in this or another state. Further, the amended rule will eliminate some of the uncertainty that now exists in respect of orders of dismissal, which are not appealable, see *e. g., Meloy v. Saint Paul Mercury Indemnity Co.*, 72 Ariz. 406, 236 P.2d 732 (1951); *Reed v. Coyner Dusters*, 83 Ariz. 153, 317 P.2d 944 (1952); *Miller v. Arizona Bank*, 45 Ariz. 297, 43 P.2d 518 (1935), unless the order, recorded under the present rule only as a minute entry, is also a direction for judgment. . . . For-

malization of the order in a written instrument renders it a simple task to make the order of dismissal specifically also a judgment of dismissal, which is appealable.

.    .    .    .    .

Nor will there be a problem under the amended rule, as there is under the present rule, whether a judge's oral opinion, noted as a minute entry and entered in the civil docket, is itself the order of judgment.... *No act or declaration of the judge or notation by the clerk will under the amended rule constitute a judgment or appealable order, unless a form of judgment or order is signed by the judge and filed with the clerk.*

.    .    .    .    .

Where an order is appealable (such as one granting or refusing a new trial or granting a motion in arrest of judgment, see A.R.S. section 12–2102, subsection F, paragraph 1), *it will have to be signed by separate instrument,* or where appropriate will have to be incorporated in the final judgment entered on the verdict or decision after trial. (Emphasis added.)

While a signed minute entry as in this case or as in *Stoneberg v. Northwood, supra,* is "in writing" in the sense that it is not oral, or abstracted by a clerk, we think that the foregoing excerpts indicate a clear intent on the part of the promulgators of the rule to require a separate instrument apart from a minute entry as the appropriate memorial for a judgment or appealable order. Court rules, like statutes, must be construed in the light of the purposes for which they were adopted. *State v. Coey,* 82 Ariz. 133, 309 P.2d 260 (1957). Considering the purposes suggested by the foregoing excerpts and the gravity involved in the entry of an appealable judgment or order, the construction we give to rule 58(a) in this regard is a reasonable one. *See Union Interchange, Inc. v. Benton,* 100 Ariz. 33, 410 P.2d 477 (1966).

Inasmuch as the minute entry order denying the motion for new trial was not "in writing" in the sense required by the rule, it was not an effective appealable judgment. The time for taking an appeal would not commence until entry of an order meeting the requirements of rule 58(a).

Appellant's notice of appeal specifically designated only the two minute entries which involved denial of his motion for new trial. There was no designation of the principal judgment. *Cf. Gabriel v. Murphy,* 4 Ariz.App. 440, 421 P.2d 336 (1967). There is, therefore, no appealable order properly before this court.

It follows that this court is presently without jurisdiction to entertain the appeal. In accordance with our Supreme Court's decision in *Eaton Fruit Co. v. California Spray-Chemical Corp.,* 102 Ariz. 129, 426 P.2d 397 (1967), however, we will suspend the appeal and revest jurisdiction in the superior court so that it may enter an appropriate formal order in conformity herewith. Therefore, pursuant to *Eaton Fruit,*

IT IS ORDERED that this appeal be suspended pending application by appellant in the superior court for a formal written order denying its motion for a new trial. The superior court is authorized to enter a formal written order as an order in furtherance of the appeal, and when entered, the clerk of the superior court is directed to supplement the record by transmittal thereof to the Clerk of the Court of Appeals in accordance with the prevailing rules governing appeals.

IT IS FURTHER ORDERED that upon receipt by the Clerk of the Court of Appeals of the formal written order and a timely amended notice of appeal, the appeal will be considered as reinstated without further action of this Court.

Appeal suspended.

Froeb, P. J., and Contreras and Wren, JJ., concur.