717 P.2d 432

**FOCAL POINT, INC., an Arizona corporation, Petitioner,**

v.

**COURT OF APPEALS OF the STATE OF ARIZONA, DIVISION ONE; the Honorable Joe W. Contreras, a Judge Thereof; and U-HAUL CO. OF ARIZONA, INC., an Arizona corporation, Real Party in Interest, Respondents.**

No. 18371–SA.

Supreme Court of Arizona, En Banc.

Feb. 27, 1986.

Gregory E. Hinkel, Phoenix, for petitioner.

Cindy L. Hirsch, Stephen A. Gentes, Phoenix, for respondents.

HOLOHAN, Chief Justice.

By special action, the petitioner, Focal Point, Inc., challenges the order of Division I of the Court of Appeals suspending the appeal of petitioner until it secures a formal written and signed judgment from the superior court. We accepted jurisdiction to resolve a conflict between the two divisions of the Court of Appeals on the issue of whether a minute entry signed by the trial judge and filed with the clerk can constitute an appealable order or judgment under Rule 58(a), Arizona Rules of Civil Procedure.

The essential facts are not in dispute. For a week in July 1982, U-Haul Company of Arizona rented a truck to Focal Point for the storage of artwork. Apparently believing the parked truck abandoned, U-Haul drove it back to its place of business. When Focal Point discovered the truck missing and confronted the rental company, U-Haul refused to drive the truck back to Focal Point, about three miles away. Focal Point likewise refused to pick it up, and brought an action for conversion. Focal Point alleged that U-Haul took back the truck and intentionally converted Focal Point's art and personal property. U-Haul Company of Arizona and Focal Point proceeded to trial before a judge *pro tempore.* After trial, the judge *pro tempore* entered findings of fact and conclusions of law that (1) U-Haul did not intend to exercise dominion over the artwork; (2) U-Haul nevertheless became a bailee of the paintings, with a duty of reasonable care; (3) $10,000.00 in damages had occurred to some of the art due to U-Haul's negligence; and (4) Focal Point was therefore entitled to judgment against U-Haul for $10,000.00.

The *pro tem* judge rejected the form of judgment lodged by Focal Point and entered the following order on a minute entry form dated January 3, 1983 [*sic,* for 1984]:

JUDGMENT

This cause having been tried to the Court without a jury, the Court having

entered its findings and conclusions and having subsequently entertained both parties' post trial motions, the same are hereby denied and judgment is ordered in favor of the Plaintiff against the Defendant U-Haul of Arizona in the sum of $10,000.00 plus taxable costs.

December 29, 1983.

[signed]

The Honorable Ralph J. Lester
Judge Pro Tempore

The minute entry was stamped by the superior court clerk's office as "Received January 16, 1984" and "Processed January 16, 1984." *

On January 30, 1984 Focal Point filed a timely notice of appeal from the "judgment entered in this action on the 3rd day of January, 1984." U-Haul filed an admittedly untimely notice of cross-appeal on March 9, 1984. After a review of the case file in the appellate court it was discovered that the "judgment" was on a minute entry form. Focal Point's counsel was advised that it could not appeal from the signed minute entry order, because under *Johnson v. Nelson*, 128 Ariz. 587, 627 P.2d 1085 (App.1981), and Rule 58(a), Ariz.R.Civ.P., a separate instrument apart from a minute entry order is required before a judgment or order is appealable. When petitioner declined to secure a separate order, the issue was referred to the respondent judge who thereafter entered the order suspending the appeal.

The two divisions of the Court of Appeals differ in their interpretation of Rule 58(a), which reads in pertinent part:

All judgments shall be *in writing and signed by a judge* or a court commissioner duly authorized to do so. The *filing with the clerk* of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry....

(emphasis added) Rule 54(a) defines judgment to include "an order from which an appeal lies."

Division I's *Johnson v. Nelson, supra,* holds that Rule 58(a) requires that the writing, signed by a judge and entered with the clerk be a separate, discrete instrument other than a signed and filed minute entry order.

Division II's case on the subject, *Stoneberg v. Northwood,* 121 Ariz. 230, 589 P.2d 473 (App.1978), holds to the contrary. Under *Stoneberg v. Northwood,* a minute entry order signed by a judge and filed with the court clerk constitutes an appealable order. *Id.*

In support of the position taken by Division I respondent refers to the State Bar Committee Notes to the 1961 Amendment providing that "No act or declaration of the judge or notation by the clerk will ... constitute a judgment or appealable order, *unless a form of judgment or order is signed by the judge and filed with the clerk.*" (emphasis added) Comment, Rule 58(a), Ariz.R.Civ.P., 16 A.R.S. In the following paragraph of the comment it is stated, "Where an order is appealable ... it will have to be signed by separate instrument...." *Id.* In *Johnson,* Division I concluded that the State Bar Committee Notes showed a clear intent by the drafters of the rule that a separate instrument was to be required.

■ Rule 58(a) has three requirements for a judgment. The judgment must be (1) written, (2) signed by a judge, and (3) filed with the clerk of the court. The minute entry in this case satisfies all three requirements. The Bar note which speaks in terms of a separate instrument places undue emphasis on form, more so than is required by the language of the rule.

In this case, the trial court clearly intended the written minute entry order to be taken as a final judgment. He entitled it "JUDGMENT," and he signed it. He sent

---

* It is the practice of the superior court clerk in Maricopa County not to use a "filed" stamp on minute entries filed in the clerk's office. For dating purposes, the clerk uses the date typed in

the upper lefthand corner of the minute entry order (here, January 3, 198[4] ). Formal judgments, on the other hand, are filed. and dated from the filing date.

it to the clerk's office, and that office received it and processed it. The parties received a copy of the signed document which provided notice of the action taken. As previously noted, the writing met the three requisites of Rule 58(a). Apparently the writing's only failing was that it was typed on the trial court's minute entry forms. We do not believe that Rule 58(a) requires more than was done in this instance.

█ We are persuaded that the position of Division II of the Court of Appeals on the matter at issue is the better rule. We, therefore, reject the rule announced in *Johnson v. Nelson, supra.* The order of the Court of Appeals suspending petitioner's appeal is vacated and the appeal is reinstated.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.