745 P.2d 123

**MARK LIGHTING FIXTURE COMPANY, INC., a New Jersey corporation, Plaintiff-Appellant,**

v.

**GENERAL ELECTRIC SUPPLY COMPANY, A DIVISION OF GENERAL ELECTRIC COMPANY, a New York Corporation, Defendant-Third Party Complainant-Appellee,**

and

**Tri-Valley Electric, Inc., an Arizona corporation, Third Party Defendant-Appellee.**

1 CA–CIV 8008.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 19, 1986.

66

Beus, Gilbert, Wake & Morrill by Leo R. Beus, Keith S. Knochel, Phoenix, for plaintiff-appellant.

John B. Marron, Phoenix, for defendant-third party complainant-appellee Gen. Elect. Co.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for third party defendant-appellee Tri-Valley Elec., Inc.

## OPINION

CONTRERAS, Judge.

The central issue in this appeal is whether costs pursuant to A.R.S. § 12–341 and attorney's fees pursuant to A.R.S. § 12–341.01 may be awarded to defendants-appellees where the plaintiff-appellant's action has been dismissed without prejudice for failure to prosecute and the merits of appellant's claim may be decided in a subsequently filed action. We determine that attorney's fees and costs may be awarded.

On October 22, 1982, Mark Lighting Fixture Company, Inc. filed a breach of contract action against General Electric Supply Company in Maricopa County Cause No. C–472488. General Electric then filed a third-party complaint against Tri-Valley Electric, Inc. for indemnification. During the ensuing year the parties conducted extensive discovery, but no motion to set and certificate of readiness was filed. On September 15, 1983, a minute entry was issued placing the case on the inactive calendar for dismissal on November 15, 1983, unless a motion to set and certificate of readiness was filed or a judgment entered before that date. Thereafter, when neither occurred, a minute entry signed by a superior court commissioner issued on November 22, 1983, ordering that the case be dismissed without prejudice for lack of prosecution pursuant to Rule V, Uniform Rules of Practice. Since the dismissal was without prejudice, the appellant reasserted its claim by filing the same action again under Maricopa County Cause No. C–501781.

General Electric filed a statement of costs on December 16, 1983, and on December 20, 1983, filed an application for attorney's fees pursuant to A.R.S. § 12–341.01 and Local Rule 3.7(e) for counsel's work on the original lawsuit in C–472488. On December 23, 1983, and January 9, 1984, the third-party defendant Tri-Valley also filed requests for attorney's fees and costs against the appellant. Appellant opposed all requests for costs and attorney's fees. On March 2, 1984, the trial court issued a minute entry order finding that the defendant and third-party defendant "are entitled to recover taxable costs and reasonable attorney's fees, provided Plaintiff does not prevail on an anticipated Rule 60(c) Motion for Relief from the minute order herein of November 22, 1983." The trial court set a date for a hearing on the reasonableness of the fee requests.

On May 22, 1984, appellant filed a motion pursuant to Rule 60(c), Arizona Rules of Civil Procedure, to vacate the minute entry order of dismissal in C–472488, alleging excusable neglect, and also moved to consolidate that case with the second one it had filed in C–501781. On May 25, 1984, a hearing was held on the reasonableness of the attorney's fees requests. The trial court granted General Electric's request for $5,182.00 in attorney's fees and Tri-Valley's request for $8,350.00, subject to its subsequent ruling on the Rule 60(c) motion. After hearing oral argument on the request for Rule 60(c) relief, the trial court denied the motion, finding that while there was an open question on the issue of excusable neglect, the appellant had not made a timely request for relief. On August 13, 1984, a formal written order was entered dismissing the action, denying the Rule 60(c) motion, denying the motion to consolidate, and granting General Electric attorney's fees of $5,182.00 and costs of $1,325.75 and Tri-Valley attorney's fees of $8,350.00 and costs of $859.00. Mark Lighting appeals from the trial court's award of costs and attorney's fees to General Electric and Tri-Valley, who will both be referred to as "appellees."

## JURISDICTION TO AWARD ATTORNEY'S FEES

We first consider an issue raised by appellant for the first time in its reply brief. Appellant argues that the awards of attorney's fees must be reversed because the trial court lacked jurisdiction to rule on the attorney's fees requests. Normally, issues will not be considered on appeal if they have not been raised below, *Brown Wholesale Electric Co. v. Safeco Insurance Co. of America*, 135 Ariz. 154, 659 P.2d 1299 (App.1982), or if they are raised on appeal for the first time in the reply

brief. *Peagler v. Phoenix Newspapers, Inc.,* 131 Ariz. 308, 640 P.2d 1110 (App. 1981). This rule does not apply to matters concerning jurisdiction, which can be raised for the first time on appeal and even *sua sponte* by this court. *Bates & Springer of Arizona, Inc. v. Friermood,* 109 Ariz. 203, 507 P.2d 668 (1973). We will therefore consider this issue.

■ Appellant argues that the attorney's fees requests were not timely filed and therefore the trial court lacked jurisdiction to consider them. Appellant cites the case of *Title Insurance Co. of Minnesota v. Acumen Trading Co., Inc.,* 121 Ariz. 525, 591 P.2d 1302 (1979), in which the Arizona Supreme Court held that if a lower court judgment does not contain an award of attorney's fees where fees have been requested pursuant to A.R.S. § 12–341.01, the appellate court will consider that such an award was denied. A party wishing to contest the denial of attorney's fees must file a timely motion for new trial or a motion to alter or amend judgment. Rules 59(d) and 59(*l*), Arizona Rules of Civil Procedure, require that these motions be filed within 15 days of the entry of judgment. These time limits are jurisdictional and cannot be enlarged by the trial court. Rule 6(b), Arizona Rules of Civil Procedure. When such motions are not timely filed, no jurisdiction is conferred upon the trial court to rule upon the motions. *Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181 (1971).

With the foregoing proposition in mind, the appellant contends that the minute entry order of dismissal which was signed by the court commissioner and filed with the clerk should be considered a judgment from which the 15 day time period for filing motions to reconsider or alter the judgment began to run. Appellant points out that in *Stoneberg v. Northwood,* 121 Ariz. 230, 589 P.2d 473 (App.1978), Division Two of this court held that a minute entry order signed by the judge and filed with the clerk was in compliance with Rule

58(a), Arizona Rules of Civil Procedure, which prescribes the requirements of a final judgment, and therefore was a final, appealable order. Appellant argues that since the signed minute entry order dismissing the case on November 22, 1983, did not contain an award of attorney's fees and since the requests for attorney's fees were not filed within the requisite 15 days from the entry of the signed minute entry order, the trial court had no jurisdiction to consider the requests for attorney's fees. We disagree.

In presenting the foregoing jurisdictional argument, appellant ignores Division One's opinion in *Johnson v. Nelson,* 128 Ariz. 587, 627 P.2d 1085 (App.1981), which was in effect at the time the awards of attorney's fees and costs were made. In *Johnson v. Nelson,* we disagreed with Division Two's decision in *Stoneberg* that a minute entry order signed by the court and filed with the clerk is a judgment within the meaning of Rule 58(a). We specifically held in *Johnson v. Nelson* that a separate instrument apart from a minute entry is required as the appropriate memorial for a judgment or appealable order. If we follow *Johnson,* no judgment was "entered" in the present case until the separate formal written instrument was signed by the court and filed with the clerk on August 13, 1984. The requests for attorney's fees had been filed long before that date and hence were not untimely, so the trial court did not lack jurisdiction to consider the requests if we follow *Johnson.*

The appellant attempts to bolster its argument with a decision rendered after the briefs were filed and after oral argument was heard. On February 27, 1986, the Arizona Supreme Court issued its opinion in *Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 717 P.2d 432 (1986).[1] *Focal Point* addressed the conflict between the two divisions of the court of appeals represented by the *Johnson* and *Stoneberg* cases. The supreme court chose *Stoneberg* and rejected *Johnson.* It found that the

1. Appellant filed a list of supplemental authorities with this court on May 29, 1986, citing the *Focal Point* decision.

written minute entry entitled "Judgment" in *Focal Point* satisfied the three requirements of Rule 58(a): it was written, signed by a judge, and filed with the clerk of the court. To require a separate instrument under the circumstances would place "undue emphasis on form, more so than is required by the language of the rule." *Id.* at 129, 717 P.2d at 433. Although we seriously question the soundness of this choice, we must consider its applicability, if any, to this case.

■ If the rule of *Focal Point* is applied retroactively, the appellees' post-judgment requests for attorney's fees in the immediate case were not timely filed. In Arizona, a presumption operates to give civil appellate court opinions retroactive, as well as prospective, effect. *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 641 P.2d 1275 (1982). The presumption may be overcome, however, by meeting a three-part test borrowed from *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) and first used in Arizona in *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977). A decision will not apply retroactively if (1) it establishes a new principle of law which either overrules earlier precedent upon which the litigants may have relied or resolves an issue of first impression which was not clearly foreshadowed; (2) retroactive application would not advance and could retard the operation of the new rule; and (3) to apply the new rule retroactively would impose inequities, injustice or hardship upon a party. *Id.* at 313, 560 P.2d at 1220.

■ We conclude that at least the first and third factors militate against applying the general rule of retroactive application of the *Focal Point* holding. As to the first factor, *Focal Point* overruled previously clear precedent in Division One upon which these litigants, particularly appellees, may have relied. Additionally, the *Focal Point* choice between the split of authority was not foreshadowed by any previous supreme court rulings.

The second factor is not particularly relevant to the *Focal Point* issue, but this court has not detected a past problem with the rule of *Johnson v. Nelson* which retroactive application of *Focal Point* would relieve. In fact it was the firm belief of Division One that the *Johnson* rule provided certainty and finality where such was critically needed.

Finally, with respect to the third factor, retroactive application would cause injustice and hardship to the appellees who believed their claim was protected in Division One by the logical rationale of *Johnson v. Nelson*. With *Johnson* in effect, the appellees were justified in relying upon it and realistically could not have been expected to file post-judgment motions following the filing of a signed minute entry order of dismissal. This is especially true in the case before us since the signed minute entry order was not entitled "judgment" as it was in *Focal Point*.

Based on the foregoing discussion, we do not apply *Focal Point* retroactively and therefore we reject appellant's argument that the trial court lacked jurisdiction to rule on the attorney's fees requests.

### MERITS OF ATTORNEY'S FEES AND COSTS AWARDS

■ We now turn to the ruling on the merits of the requests for costs and attorney's fees. The trial court's awards of costs were made pursuant to A.R.S. § 12–341 which provides:

> The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law.

The awards of attorney's fees were made pursuant to A.R.S. § 12–341.01(A), which provides in relevant part:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees....

Appellant argues that these statutes were not meant to allow costs and attorney's fees to defendants in a situation such as that found in this case where no determination on the merits has been made, where the plaintiff's suit has been dis-

missed without prejudice for failure to prosecute, and where the merits ultimately will be decided because the claim has been refiled under a new cause number. Appellant argues that the defendants in such situations could not be considered "successful" parties within the meaning of these statutes. Appellant also contends that its position on this issue is enhanced by Rule 3.7(e), Local Rules of Practice for the Maricopa County Superior Court, which it interprets as allowing attorney's fees pursuant to A.R.S. § 12–341.01 only upon an adjudication of the merits of the case. Finally, appellant argues that even if A.R.S. § 12–341.01 applies where a case has been dismissed without prejudice, it was an abuse of discretion for the trial court to award attorney's fees in this case because discovery was virtually complete in the first action and appellant filed the second action immediately after the first action was dismissed.

In considering the issues raised by the appellant, we first must determine whether it is ever possible to be a "successful party" under these statutes without prevailing on the merits of any of the underlying claims. We are assisted in answering this question by the Arizona Supreme Court's supplemental opinion in *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985). In the *Wagenseller* supplemental opinion, the precise issue was whether a party who successfully appeals the trial court's grant of summary judgment is a "successful party" eligible to recover attorney's fees under A.R.S. § 12–341.01. On appeal, such a party has obtained a remand for trial but has not prevailed on the merits of any of the underlying claims. The court concluded that under A.R.S. § 12–341.01, "successful party" on appeal is not limited to those who have a favorable final judgment at the conclusion of the appeal process. The court discussed the circumstances under which a party obtaining reversal of the summary judgment would be a "successful party" for purposes of being eligible for attorney's fees on appeal under A.R.S. § 12–341.01 even though the merits of the case remain to be determined. One of the factors considered by

the court in reaching the decision in *Wagenseller* was that A.R.S. § 12–341.01 makes no reference to adjudication on the merits as a prerequisite to recovering attorney's fees as a successful party. The court contrasted A.R.S. § 12–348, which expressly permits fees only to the party "which prevails by an adjudication on the merits." From *Wagenseller*, we conclude that it is not always necessary to prevail on the merits of the underlying claims in order to be a "successful party" under A.R.S. § 12–341.01. The same is true of "costs" under A.R.S. § 12–341.

■ We now turn to the more specific issue of whether the defendants in a case in which *the plaintiff's suit has been dismissed without prejudice due to plaintiff's failure to prosecute* may be considered "successful" parties for purposes of recovering costs and attorney's fees pursuant to A.R.S. § 12–341 and A.R.S. § 12–341.01. In support of its position that costs and attorney's fees should not be awarded when a case has been dismissed without prejudice, the appellant cites *Carter v. Rubrecht*, 188 Okla. 325, 108 P.2d 546 (1940). *Carter* was a case in which a plaintiff voluntarily dismissed his case without prejudice. The Oklahoma court held that the legislature did not intend to allow attorney's fees in situations where the plaintiff could subsequently refile his action and prevail on the merits. The court concluded that attorney's fees were to be awarded only when a party prevailed on the merits.

We do not find the *Carter* decision to be persuasive. The statute in *Carter* awarded attorney's fees to the "prevailing" party in a usury action. The Oklahoma court decision was influenced by the fact that attorney's fees under the statute in that case were considered to be a penalty and, thus, the statute should be strictly construed. This is in contrast to the statute at bar. The purpose of attorney's fees, as stated in A.R.S. § 12–341.01(B), is not to penalize but to award attorney's fees "to mitigate the burden of the expense of litigation to establish a just claim or a just defense." The ultimate factor persuading the Okla-

homa court to conclude that attorney's fees should not be awarded was the fact that the Oklahoma statute did not specifically allow attorney's fees to a defendant where the plaintiff dismisses its suit without prejudice. Our supreme court in *Wagenseller*, on the other hand, determined that A.R.S. § 12–341.01 does not expressly provide that an adjudication on the merits is necessary. Moreover, as appellees point out, other courts, in an abundance of cases, have held that costs and attorney's fees should be awarded to defendants where a plaintiff has voluntarily dismissed its case without prejudice. *See, e.g., Andersen v. Gold Seal Vineyards, Inc.,* 81 Wash.2d 863, 505 P.2d 790 (1973); *Dean Vincent, Inc. v. Krishell Laboratories, Inc.,* 271 Or. 356, 532 P.2d 237 (1975); *Dolphin Towers Condominium Association v. Del Bene,* 388 So.2d 1268 (Fla.Dist.Ct.App.1980).

More relevant to the situation presented in this case are other cases in which a plaintiff's suit has been dismissed for want of prosecution. The cases have generally held, with some exceptions, that the termination of an action or proceeding by dismissal for want of prosecution constitutes a "trial" or "final hearing" of such action for the purpose of allowing assessment of a "docket fee" or "attorney's fee" as a part of the costs. 1 S. Speiser, *Attorneys' Fees* § 12–:31 (1973). Appellant has cited one case, *Samuels v. Sabih,* 133 Cal.Rptr. 74, 62 Cal.App.3d 335 (App.1976), in which attorney's fees were denied upon the trial court's dismissal of an action without prejudice for lack of prosecution. We note that the statute in that case is readily distinguishable from the Arizona statute. The California statute allowed attorney's fees to the prevailing party and defined "prevailing party" to mean the party in whose favor final judgment is rendered. The California court concluded that the legislature did not intend an order of dismissal for lack of prosecution to be a formal judgment for purposes of the statute.

The Arizona legislature could have chosen language similar to that used in the California statute to indicate that the merits of an action must be reached before costs and attorney's fees can be awarded in the trial court. Instead it provided for costs to be awarded to "the successful party to a civil action" (A.R.S. § 12–341) and that reasonable attorney's fees may be awarded to the successful party in an "action" arising out of contract (A.R.S. § 12–341.01). "Action" is commonly defined as "a legal proceeding by which one demands or enforces one's right in a court of justice." *Webster's Third New International Dictionary,* p. 21 (1969). *See also Black's Law Dictionary* 49 (4th ed. 1968). It is apparent from the wording of the Arizona statutes in question that our legislature intended to allow recovery of costs and attorney's fees when a party succeeds in the particular proceeding, which is the "action," without regard to whether the substantive allegations presented therein were disposed of at that time. There can be no doubt that when appellant's action in this case was dismissed without a judgment being entered against the appellees, they were the successful parties to that "action." It is not relevant under the terms of these statutes whether the dismissal, purported to be without prejudice, operates as a complete dismissal (for example, because the statute of limitations has expired or because the plaintiff declines to refile the action), or whether the underlying claim is still viable and will be determined in a subsequently filed action. The only relevant point is that the defendants were successful in the particular action in question.

 We now turn to appellant's argument that Local Rule 3.7(e) prevents the trial court from granting attorney's fees until the merits of the case have been decided. Appellant's contention in this regard is without merit. Rule 3.7(e) is a procedural rule established by the Maricopa County Superior Court.[2] Procedural

2. Rule 3.7(e) provides in relevant part:
(1) *Notice of Claim.* A claim for attorneys' fees pursuant to A.R.S. § 12–341.01 shall be made in the pleadings, in the joint pretrial statement, or by written notice filed and served *prior to the trial or other determination on the merits of the cause.*

rules promulgated by the courts can only affect procedural matters and may not diminish or augment substantive rights. *State v. Birmingham*, 95 Ariz. 310, 390 P.2d 103, *rehearing*, 96 Ariz. 109, 392 P.2d 775 (1964). Hence, to the extent the rule would prevent a party from receiving attorney's fees which are due to him under the statute, the rule is of no effect. Moreover, it seems reasonable to conclude that the intention of Rule 3.7(e) is to establish a procedure for hearing requests for attorney's fees pursuant to A.R.S. § 12–341.01 after a ruling terminating the action has been made. We conclude that reference in the rule to "determination" or "decision on the merits of the cause" is used loosely to mean termination of the action and not as a technical requirement that the merits of the underlying claims must be decided.

The final issue to be determined is whether the trial court properly exercised its discretion in granting attorney's fees pursuant to A.R.S. § 12–341.01 in this case. The appellant has argued not only that no attorney's fees should have been awarded, but alternatively that the trial court should have postponed its ruling on attorney's fees requested in Cause No. C–472488 until the merits of the case could be decided in No. C–501781. Appellant contends that most of the discovery necessary for trial in this case had been completed and, therefore, the merits in C–501781 could be quickly resolved. While the possibility that the merits of the claim will be decided in a subsequent case does not prevent A.R.S. § 12–341.01 from being applicable, and a ruling on the attorney's fees request may be made in advance of the ruling on the merits of the underlying claim, we do find that the possibility of subsequent resolution on the merits is a factor for the trial court to consider when exercising its discretion to award attorney's fees under the statute. It is, however, just one factor among many.

In *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), the Arizona Supreme Court enumerated six factors to assist the trial court in determining whether to award attorney's fees pursuant to A.R.S. § 12–341.01:

1) whether the unsuccessful party's claim or defense was meritorious;

2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;

3) whether assessing fees against the unsuccessful party would cause an extreme hardship;

4) whether the successful party did not prevail with respect to all of the relief sought;

5) whether the legal question presented was novel and whether such claim or defense had previously been adjudicated in this jurisdiction; and

6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

143 Ariz. at 570, 694 P.2d at 1184. The fact that the merits in this case were left for future resolution lies within the fourth factor, i.e., whether the successful party prevailed with respect to all of the relief sought. Another important consideration, set forth as the first factor, is whether the unsuccessful party's claim or defense was meritorious. In this case the record shows no effort by the appellant to demonstrate that its claim was meritorious. Instead, its sole argument for resisting the present award of attorney's fees against it was that it had refiled its claim and that the merits would be determined. This does not indicate that its claim is meritorious.

We also note that appellant might have avoided the problem of having attorney's fees and costs assessed against it prior to

---

(2) *Time of Determination.* When attorneys' fees are recoverable pursuant to A.R.S. § 12–341.01, and are claimed by one or more parties, the determination as to the claimed attorneys' fees *shall be made after a decision* *on the merits of the cause.* The time for the filing of affidavits and/or the hearing on the claim shall be set by the court.
(Emphasis added.)

determination of the merits of the claim by having the minute entry ruling of dismissal set aside. Rule 60(c), Arizona Rules of Civil Procedure, allows a judgment or ruling to be set aside upon a showing of mistake or excusable neglect. To have a judgment or ruling set aside, the party must not only show proper grounds, but must also show that he timely made the request and had a meritorious defense. *Phillips v. Findlay*, 19 Ariz.App. 348, 507 P.2d 687 (1973). In this case, the trial court denied the motion to set aside the ruling because the appellant, without giving any excuse, waited an unreasonable amount of time to file its motion, knowing that the case had been dismissed and that the trial court was expecting the motion to set aside the ruling.

Under the circumstances presented in this case, where the appellant did not demonstrate it had a meritorious claim and failed to take proper and timely steps that may have avoided the instant problem, we find no abuse of discretion in the trial court's decision to award costs and attorney's fees and to award them at the present time rather than postponing the ruling until the merits were determined in C–501781. We also note that appellant's contentions that discovery was completed and that the action in C–501781 would be speedily resolved were disputed by the appellees. Whether to award attorney's fees and costs in this procedural context was within the sound discretion of the trial judge. We find no abuse of discretion.

Appellant also attacks the amount of attorney's fees awarded to Tri-Valley, indicating that the third-party suit not only sought indemnification but additional affirmative relief as well. Since appellant has not demonstrated that any of the attorney's fees awarded to Tri-Valley were for time spent on these additional matters, we find no grounds for disturbing the award.

The appellee General Electric has requested an award of attorney's fees on appeal pursuant to A.R.S. § 12–341.01. We grant the request. The appellee may establish the amount of its award by complying with Rule 21(c), Arizona Rules of Civil Appellate Procedure, and our decision in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983).

For the reasons stated herein, we affirm the trial court's award of costs and attorney's fees in this case.

JACOBSON, P.J., concurs.

CORCORAN, Judge, dissenting:

I respectfully dissent. Unlike the majority, I agree with *Focal Point*, and believe that *Johnson v. Nelson* was an anomaly.

The request for attorneys' fees preceded the enactment of A.R.S. § 12–349(A)(3). On the merits, I do not believe the trial court could award costs and attorneys' fees pursuant to A.R.S. §§ 12–341 or –341.01. *Wagenseller v. Scottsdale Mem. Hosp.* is distinguishable. There, the supreme court determined that Wagenseller was the "successful party" on appeal, even though the cause was remanded for trial, because the appeal "settled issues of law central to the case." 147 Ariz. 370, 394, 710 P.2d 1025, 1049 (1985) (supplemental opinion).

Although any party to this case could have filed a motion to set and certificate of readiness pursuant to Rule 5(b), Uniform Rules of Practice, no one did. Through the tacit acquiescence of *all parties*, this case was dismissed without prejudice. A.R.S. § 12–341.01(B) predicates the award of attorney's fees on a party "establish[ing] a just claim or a just defense." This was done in *Wagenseller;* no party to this case has established anything relative to a claim or defense. I do not believe that the authorities cited by the majority require that all defendants be conferred the status of successful parties in cases dismissed pursuant to Rule 5.

I would reverse the awards of costs and attorney's fees.