745 P.2d 85

MARK LIGHTING FIXTURE COMPA-NY, INC., a New Jersey corporation, Plaintiff-Appellant,

v.

GENERAL ELECTRIC SUPPLY COM-PANY, A DIVISION OF GENERAL ELECTRIC COMPANY, a New York corporation, Defendant-Third Party Complainant-Appellee,

and

Tri-Valley Electric, Inc., an Arizona corporation, Third Party Defendant-Appellee.

No. CV–86–0581–PR.

Supreme Court of Arizona, En Banc.

Sept. 15, 1987.

Beus, Gilbert, Wake & Morrill by Leo R. Beus, Paula S. Bickett, J. Tyrrell Taber, and Keith S. Knochel, Phoenix, for plaintiff-appellant.

John B. Marron, Phoenix, for defendant-third party complainant-appellee.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for third party defendant-appellee.

HOLOHAN, Justice.

In a breach of contract action brought by appellant Mark Lighting Fixture Company, Inc. (Mark Lighting), the trial court awarded attorneys' fees to appellees General Electric Supply Company and Tri-Valley Electric, Inc. following entry of a minute order dismissing appellant's suit. The Court of Appeals held that the award of attorneys' fees under A.R.S. § 12–341.01 to appellees was justified. *Mark Lighting Fixtures Company v. General Electric Supply Company*, 155 Ariz. 65, 745 P.2d 123 (1986). We granted appellant's petition for review to decide the following issues:

1) Whether the rule in *Focal Point, Inc. v. Court of Appeals*, 149 Ariz. 128, 717 P.2d 432 (1986), that a written minute order, signed by a judge or court commissioner, and filed with the court clerk constitutes a judgment under Rule 58(a), Ariz.R. Civ.P., should be applied retroactively, and

2) Whether attorneys' fees may be awarded under A.R.S. § 12–341.01 where appellant's complaint was dismissed without prejudice for lack of prosecution.

## FACTS

On October 22, 1982, Mark Lighting, a New Jersey corporation authorized to do business in Arizona, filed a breach of contract action against General Electric Supply Company (General Electric), a division of General Electric Company, a New York corporation. General Electric filed a third-party complaint against Tri-Valley Electric, Inc. (Tri-Valley), an Arizona corporation, for indemnification. In its answer, General Electric requested an award of attorneys' fees. *See* Rule 3.7(e)(1), Local Rules of Maricopa County Superior Court. On September 15, 1983, the trial court entered a minute order placing the case on the inactive calendar for dismissal on November 15, 1983, unless in the meantime a motion to set and certificate of readiness was filed or judgment entered. When Mark Lighting failed to file a motion to set and certificate of readiness, the trial court entered a minute order on November 22, 1983, ordering the case dismissed without prejudice for lack of prosecution because the case had been on the inactive calendar for two months or more. *See* Rule V(e), Uniform Rules of Practice of the Superior Court, 17A A.R.S. The order, which was signed by Superior Court Commissioner John Trombino and filed with the Superior Court Clerk, failed to make any mention of attorneys' fees. Shortly thereafter, on December 1, 1983, Mark Lighting apparently refiled the same action.

General Electric filed an application for attorneys' fees in the first suit on December 20, 1983. Tri-Valley filed an affidavit of attorneys' fees on December 23, 1983. The trial court entered a minute order entry granting attorneys' fees and costs to General Electric and Tri-Valley "provided Plaintiff does not prevail on an anticipated Rule 60c [Ariz.R.Civ.P., 16 A.R.S.] Motion for Relief" from the November 22, 1983 minute order. Six months after the November 22nd order of dismissal had been entered, Mark Lighting filed a Rule 60(c) motion to vacate the order, alleging excusable neglect, and moved to consolidate the first suit with the one filed in December 1983. At a May 25, 1984 hearing, the trial court granted General Electric's and Tri-Valley's requests for attorneys' fees, subject to its forthcoming ruling on the Rule 60(c) motion. The trial court found that Mark Lighting's counsel had unreasonably delayed in requesting Rule 60(c) relief, and therefore denied that motion and the motion to consolidate in a July 13, 1984 minute order entry. On August 13, 1984, the trial court entered a formal judgment reconfirming the denial of Mark Lighting's Rule 60(c) motion, the dismissal of the action, the denial of Mark Lighting's motion to consolidate, and the award of costs and attorneys' fees to General Electric and Tri-Valley. Mark Lighting appealed from the trial court's award of costs and attorneys' fees.

On appeal, Mark Lighting argued that our opinion in *Focal Point, Inc. v. Court of Appeals* should be applied retroactively, to make the trial court's initial minute order dismissing the suit a final appealable judgment. As a result, the appellees' requests for attorneys' fees would be untimely, because they did not file the proper post-judgment request for relief within the requisite time period after entry of judgment. The appellees, on the other hand, argued that *Focal Point* should only be given prospective effect, and that, therefore, the trial court's minute order of dismissal was not a final appealable judgment. Consequently, the formal judgment that was later entered by the trial court would constitute the final judgment, and appellees' requests for attorneys' fees entered prior to this judgment were timely filed.

The Court of Appeals found that the rule in *Focal Point* should not be applied retro-

actively, and then ruled on the merits of the requests for costs and attorneys' fees. After finding that the defendants were "successful parties" within the meaning of A.R.S. § 12–341.01, the court affirmed the trial court's award of costs and attorneys' fees.

Since General Electric and Tri-Valley were awarded attorneys' fees prior to our decision in *Focal Point*, we must consider whether the Court of Appeals correctly held that *Focal Point* should be given only prospective application.

## OUR RULING IN FOCAL POINT

Prior to our decision in *Focal Point*, the two divisions of the Court of Appeals differed as to whether a minute order could constitute a final appealable judgment. Rule 58(a), Ariz.R.Civ.P., 16 A.R.S., which governs entry of judgment, reads in part:

> All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry.

In 1978, Division II found that a minute entry order signed by a judge and filed with the court clerk demonstrated "requisite finality" for purposes of Rule 58(a), and therefore was appealable. *Stoneberg v. Northwood*, 121 Ariz. 230, 231, 589 P.2d 473, 474 (App.1978). Several years later, Division I disagreed, and held that in order for a writing to be an appealable judgment under rule 58(a), it must be a "separate instrument apart from a minute entry." *Johnson v. Nelson*, 128 Ariz. 587, 589, 627 P.2d 1085, 1087 (App.1981).

In *Focal Point*, this court adopted the reasoning in *Stoneberg*, and rejected *Johnson*. The trial court in *Focal Point* had entered an order on a minute entry form, entitled it "judgment," and signed it. On appeal, the Court of Appeals ruled that the plaintiff could not appeal from the signed minute entry order, because under *Johnson* and Rule 58(a), a separate instrument apart from the minute order entry was required before a judgment or order was

appealable. On review to this court, we stated that Rule 58(a) sets forth three requirements for a judgment: it must be written, signed by a judge, and filed with the clerk of the court. We found that a requirement for a separate instrument would place "undue emphasis on form, more so than is required by the language of the rule." 149 Ariz. at 129, 717 P.2d at 433. We held that a written minute order, signed by a judge, and filed with the court clerk, constitutes a final judgment pursuant to Rule 58(a).

## RETROACTIVE APPLICATION OF FOCAL POINT

In civil matters, the general rule in Arizona is that unless stated otherwise, a court opinion operates retroactively as well as prospectively. *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 435, 641 P.2d 1275, 1279 (1982). To overcome this presumption of retroactivity, we have approved the test set forth by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See Chevron Chemical Co. v. Superior Court, supra*. In order for an opinion to have prospective application only, the factors to be examined are:

(1) Whether the decision establishes a new legal principle by either overruling clear and reliable precedent or deciding an issue whose resolution was not clearly foreshadowed;

(2) Whether retroactive application will further or retard operation of the rule, considering its prior history, purpose and effect; and

(3) Whether retroactive application will produce substantial inequitable results.

*Hawkins v. Allstate Insurance Co.*, 152 Ariz. 490, 733 P.2d 1073, 1087 (1987); *see Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 313, 560 P.2d 1216, 1220 (1977). These factors have been referred to as the reliance, purpose, and inequity factors, respectively. *Hawkins*, 152 Ariz. at 504, 733 P.2d at 1087; Corr, *Retroactivity: A Study in Supreme Court Doctrine "As Applied"*, 61 N.C.L.REV. 745, 747 (1983).

It is unclear whether all factors must favor prospective application, or whether a single factor that favors prospective relief is sufficient to overcome the presumption of retroactivity. *Hawkins,* 152 Ariz. at 505, 733 P.2d at 1088.

In this case, the reliance factor clearly favors retroactive application of the *Focal Point* rule. *Focal Point* did not establish a new legal principle by overruling clear and reliable precedent. The split in authority between the two divisions of the Court of Appeals on the question of whether a minute order could constitute an appealable judgment indicates that there was no clear and reliable precedent on this issue. Nor was the rule set forth in *Focal Point* a sudden unforeseen change in the law: it was merely an application of the simple requirements of Rule 58(a) of the Arizona Rules of Civil Procedure. It has been established practice for a number of years for the trial judge to enter a minute order to dismiss a case, where a party has failed to file a motion to set and a certificate of readiness. Such an order has been treated as final in the past and thus finality of the order should come as no surprise to the defendants now.

As regards the purpose factor, retroactive application of the rule that minute entry orders may constitute a judgment would not adversely affect the purpose of the rule. Essentially the purpose of the *Focal Point* rule is efficiency: to avoid the unnecessary duplication of a piece of paper that contains the same information as does the minute order. In this case, the "formal judgment," dated August 13, 1984, simply consolidated information set forth in previous orders: denying Mark Lighting's Rule 60(c) motion to set aside the dismissal, dismissing the action, denying Mark Lighting's motion to consolidate, and entering judgment on costs and attorneys' fees for Tri-Valley and General Electric. Efficiency would be served by retroactive application of the *Focal Point* rule.

The inequity factor also favors retroactive application of the *Focal Point* rule. This factor is closely related to the reliance factor, and focuses on the injustice resulting from retroactive application of the rule. Since the litigants were faced with two differing Court of Appeals' rulings on what constitutes a judgment, they would not have had sure guidance from either decision. The litigants would not have been any more justified in relying on the *Johnson* case than the *Stoneberg* case. Consequently, it is not inequitable to apply the *Focal Point* rule retroactively.

We, therefore, hold that the rule outlined in *Focal Point* will be applied retroactively in this case. Because the November 22, 1983 minute order was in writing, signed by a court commissioner, and filed with the court clerk, it constitutes an appealable judgment under our decision in *Focal Point.* We do not find it significant that the minute order in this case was not entitled "judgment" as was the minute order in *Focal Point,* since the three essential requirements of Rule 58(a) have been fulfilled here.

### TIMELY FILING FOR ATTORNEYS' FEES

Since the rule of *Focal Point* is to be applied retroactively, the November 22, 1983 minute order dismissing the case without prejudice constitutes a final judgment. Although appellees had properly requested attorneys' fees in their pleadings as allowed under Rule 3.7(e)(1) of the Maricopa County Superior Court Rules, appellees failed to move for a new trial or amendment of judgment once the superior court declined or failed to award attorneys' fees.

Even if the post-judgment requests for attorneys' fees could be viewed as motions to amend the judgment, they were not timely filed. *See Title Ins. Co. of Minnesota v. Acumen Trading Co.,* 121 Ariz. 525, 526–27, 591 P.2d 1302, 1303–04 (1979) (where judgment fails to grant requested attorneys' fees, motion for new trial or motion to amend judgment should be filed within 15 days of entry of judgment if litigant believes judgment not justified or wishes to amend it). General Electric filed an application for attorneys' fees on December 20, 1983. Tri-Valley filed its application for attorneys' fees on December 23, 1983. Neither General Electric nor Tri-Val-

ley's post-judgment applications for attorneys' fees were filed within 15 days after the entry of formal judgment on November 22, 1983. The time limits for these motions are jurisdictional and cannot be enlarged by the trial court. Rule 6(b), Ariz.R.Civ.P., 16 A.R.S. When such motions are not timely filed, the trial court does not have jurisdiction to rule upon the motions. *See Edwards v. Young*, 107 Ariz. 283, 284–85, 486 P.2d 181, 182–83 (1971).

Since appellees did not timely seek appropriate post-judgment relief on the awarding of attorneys' fees, we need not reach the second issue presented here, whether attorneys' fees may be awarded under A.R.S. § 12–341.01 where the complaint is not disposed of on the merits.

We vacate the judgment of the Court of Appeals and reverse the superior court's August 13, 1984 grant of attorneys' fees and costs.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.