29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VECSEL PARTNERS, an Arizona partnership, Plaintiff-Appellant,
v.
SCOTTSDALE CONFERENCE CENTER, a California Limited
Partnership, et al., Defendant-Appellee.
VECSEL PARTNERS, an Arizona partnership; Vector Real
Estate; Vector Conference Partners Limited Partnership, an
Arizona limited partnership; Selco Inc; DAS Scottsdale
Hotels Inc, Plaintiffs-Appellees,
v.
SCOTTSDALE CONFERENCE CENTER, a California Limited
Partnership, et al.; Connecticut Mutual Life
Insurance Company; Pacific Southwest
Mortgage, Defendants-Appellants.
 Nos. 93-15328, 93-16139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided June 28, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vecsel Partners appeals the district court's grant of summary judgment on its damages action in favor of Scottsdale Conference Center, Connecticut Mutual Life Ins. Co., and Pacific Southwest Mortgage Co. (collectively, SCC), in which the court held that the Purchase Agreement between Vecsel and SCC limited Vecsel's remedy to specific performance. SCC appeals the court's order requiring only Vecsel, and not the four other plaintiffs on the original complaint, to pay SCC's costs and fees. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm in No. 93-15328 and reverse and remand in No. 93-16139.
 
 
 3
 * Vecsel argues that the court failed to consider the parties' intent when entering into the Agreement and the circumstances surrounding it. Rather, it contends, based on the entire contract (in particular, Secs. 6.3, 11.1, 11.2, all of 11.3, and 13.1), and the affidavit of its counsel, it did not intend the Purchase Agreement to limit its remedy to specific performance. Reviewing de novo, Salve Regina College v. Russell, 499 U.S. 225, 231 (1991), we disagree.
 
 
 4
 Under Arizona law, contracting parties may waive legal remedies. Hadley v. Southwest Properties, Inc., 570 P.2d 190, 193 (Ariz.1977) (party held to forfeiture remedy to which it agreed); Zancanaro v. Cross, 339 P.2d 746, 750 (Ariz.1959) (parties "may specify certain remedies which may be used in case of breach. They may in addition make such a provision the exclusive remedy or remedies, barring all others which would otherwise be available."); see also Taylor v. State Farm Mut. Auto Ins. Co., 854 P.2d 1134, 1143 (Ariz.1993) ("[W]ith few exceptions, parties are free to structure a deal in any way they wish.").
 
 
 5
 Section 11.3 of the Purchase Agreement explicitly limits the buyer's remedy for the seller's failure to convey the property to a suit for specific performance. Other provisions of the agreement relied upon by Vecsel have to do with obligations other than SCC's failure to convey the property. Sections 11.1 and 11.2 concern remedies available to SCC. Section 11.3 permits Vecsel to bring an action for damages for breach of SCC's representations and warranties (set out in Sec. 13.1), SCC's indemnity obligations (set out in Sec. 6.8.2), and the rights provided by Sec. 2.5.3 (reduction in purchase price if the inventory of operating assets is less than expected). None is implicated in this case. Thus, we conclude that Sec. 11.3 unambiguously restricts the buyer's remedy to specific performance, and that nothing else in the Agreement detracts from its plain meaning.
 
 
 6
 Likewise, to the extent that Vecsel's counsel's affidavit is inconsistent with the plain meaning of Sec. 11.3, it impermissibly "contradicts or varies" its terms. Id. at 1139. In any event, as counsel conceded in his deposition that he did not discuss Sec. 11.3 with SCC, his undisclosed intent is inadmissible evidence of the Agreement's meaning. Helena Chem. Co. v. Coury Bros. Ranches, Inc., 616 P.2d 908, 913 (Ariz.Ct.App.1980).
 
 
 7
 Vecsel also argues that the last sentence of Sec. 11.3 somehow augments its remedies in the event of a breach occurring after Vecsel has performed its closing obligations. However, nothing in that sentence allows Vecsel to bring a damages claim for anything other than "a breach of Seller's representations and warranties or any of Seller's indemnity obligations set forth herein or any rights specifically provided to Buyer under Section 2.5.3 of this Agreement." The last sentence also "waives any right to bring a suit for damages." This language is not "reasonably susceptible" to Vecsel's interpretation. Taylor, 854 P.2d at 1140.
 
 
 8
 Finally, Vecsel contends that SCC violated Sec. 6.3's obligation to cooperate by refusing to produce estoppel letters. Even if Sec. 6.3 reaches estoppel letters (which SCC disputes), it affords Vecsel no right to sue for damages for SCC's failure to convey the property. By the same token, Vecsel's claim for return of its earnest money deposit cannot survive Sec. 11.3's provision that specific performance is the sole and exclusive remedy.
 
 II
 
 9
 The district court granted SCC's motion for attorney's fees pursuant to A.R.S. Sec. 12-341.01, but ordered them assessed only against Vecsel Partners because "[a]ll other plaintiffs were removed from the complaint when the amended complaint was filed and were not parties to the motion for summary judgment." SCC's cross-appeal argues that the court abused its discretion by not awarding fees against Vector Real Estate Corp., because it prosecuted the action for two and a half years before being amended out on the eve of SCC's motion for summary judgment. A denial of attorney's fees is reviewed for abuse of discretion, but the legal analysis is reviewed de novo. Coalition for Clean Air v. Southern Cal. Edison, 971 F.2d 219, 229 (9th Cir.1992), cert. denied, 113 S.Ct. 1361 (1993).
 
 
 10
 * Vecsel's argument that SCC's appeal is untimely fails because SCC challenges the May 12, 1993 order holding only Vecsel liable for SCC's attorney's fees. As the amendment of the original complaint did not raise the issue of attorney's fees, and the order granting summary judgment is "independent" of the order awarding fees, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990), SCC could not appeal the court's fee award until after it was rendered. See Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1107 (9th Cir.1987).
 
 B
 
 11
 Vecsel argues that Vector Real Estate Corp. was not a party to the action at summary judgment so there was no adjudication on the merits against Vector. This does not matter, however, as Vector need not have been a party to the action when summary judgment was granted, and the lack of adjudication on the merits does not preclude SCC from being a "successful party" under A.R.S. Sec. 12-341.01.
 
 
 12
 As the Supreme Court held in Cooter & Gell, 496 U.S. at 395, Rule 11 sanctions can be imposed after a Rule 41(a) voluntary dismissal. We have similarly held that attorney's fees can be imposed after the underlying action has been voluntarily dismissed. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir.1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").
 
 
 13
 Amending a complaint to drop a party is analogous. Therefore, the fact that Vector was amended out of the complaint shortly before summary judgment cannot alone be grounds for refusing to award attorney's fees.
 
 
 14
 Nor is the fact that there was no adjudication on the merits against Vector dispositive. Where a suit has been dismissed without prejudice, the defendant is still considered a "successful party" for purposes of A.R.S. Sec. 12-341.01. Mark Lighting Fixture Co. v. General Elec. Supply Co., 745 P.2d 123, 129 (Ariz.Ct.App.1986), vacated on other grounds, 745 P.2d 85 (Ariz.1987).
 
 
 15
 As the district court gave no other reason for its decision to assess attorneys fees only against Vecsel, we must reverse.
 
 
 16
 AFFIRMED in No. 93-15328; REVERSED AND REMANDED in No. 93-16139.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3