**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDICAL PROTECTIVE COMPANY, a foreign corporation, | No. 11-17384 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-02924-JAT |
| v. | MEMORANDUM[*] |
| HERMAN PANG, M.D., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted June 14, 2013
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]      The Honorable Kimba M. Wood, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Dr. Herman Pang appeals from the district court's denial of his motions for attorney's fees and costs. We review the denial of fees for abuse of discretion, but review de novo "[a]ny elements of legal analysis and statutory interpretation" that figured in the court's analysis. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). A court abuses its discretion if its denial "is based on an inaccurate view of the law." *Id.*

The district court properly denied Pang's motion for costs pursuant to District of Arizona Local Rule 54.1(d), a valid local rule. See Fed. R. Civ. P. 83. The action was terminated by settlement; accordingly, "the parties must reach agreement on costs, or bear [their] own costs." D. Ariz. Loc. R. 54.1(d). We thus affirm the district court's denial of Pang's motion for costs.

However, the district court abused its discretion in denying Pang's motions for attorney's fees because its holding rested on an "inaccurate view of the law." *Barrios*, 277 F.3d at 1133. Pang moved for an award of attorney's fees pursuant to Ariz. Rev. Stat. § 12-341.01, which grants trial courts discretion to award attorney's fees to the "successful party" in actions arising out of contract. "An adjudication on the merits is not a prerequisite" to recovering under Section 12-341.01, *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007), and a party may be successful without "prevail[ing] on the merits of

2

the underlying claims," *Mark Lighting Fixture Co., Inc. v. Gen. Elec. Supply Co.*, 745 P.2d 123, 128 (Ariz. Ct. App. 1986). To determine which party was successful, the court should consider "the totality of the circumstances and the relative success of the parties." *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1262 (Ariz. Ct. App. 1992); *see also Berry v. 352 E. Va., L.L.C.*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011) (noting that the successful party is the "net winner" and that the trial court should apply a "totality of the litigation test" in cases involving "varied success").

The district court improperly fixated on the fact that it had never resolved the merits of any of the underlying claims, and failed to assess whether Pang was the "successful party" in light of the totality of the circumstances. We also note that Arizona courts have contemplated that attorney's fees might be awarded at more than one point in time during the course of litigating an action arising out of a contract. *See Britt v. Steffen*, 205 P.3d 357, 359-60 (Ariz. Ct. App. 2008) (providing for an award of attorney fees when a party has prevailed only on a motion to dismiss without prejudice). Thus, the post-judgment motion to vacate the settlement was part of an action arising out of a contract and may be eligible for an award of attorney's fees.

Accordingly, we vacate both of the district court's orders denying Pang's motions for attorney's fees and remand so that the district court can determine (1) whether Pang was the "successful party" as defined by Arizona law, and (2) if so, whether the district court should exercise its discretion to award attorney's fees.. *See Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc). Each party to bear its own costs on appeal.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.