699 P.2d 906

**BUTLER PRODUCTS COMPANY, INC.,
a corporation, Plaintiff-Appellee,**

v.

**Charles D. ROUSH and Carol Roush,
husband and wife,
Defendants-Appellants.**

**No. 1 CA–CIV 7562.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 14, 1984.

Reconsideration Denied Oct. 1, 1984.

Review Denied May 30, 1985.

Owens, Rybarsyk & Nussbaum, P.C. by Paul M. Rybarsyk, Scottsdale, for plaintiff-appellee.

Treon, Warnicke & Roush, P.A. by Raymond N. Norris, Arthur G. Newman, Jr., Phoenix, for defendants-appellants.

GRANT, Presiding Judge.

Butler Products Company, Inc., (Butler) plaintiff/appellee, has filed with this court a motion to dismiss the appeal on the ground of lack of jurisdiction. Although the court normally disposes of such matters by unpublished orders, the issue presented is significant and a published opinion is warranted. *See Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983).

The motion to dismiss the appeal presents the following question:

Is a rule 59 motion which does not contain a memorandum of points and authorities and does not request any specific relief sufficient to extend the time limits within which an appeal must be taken?

A notice of appeal must be filed not later than 30 days after the entry of judgment from which the appeal is taken. Rule 9(a), Arizona Rules of Civil Appellate Procedure. Appellate courts do not have jurisdiction to consider appeals which are not timely filed. *Harbel Oil Co. v. Steele,* 80 Ariz. 368, 298 P.2d 789 (1956); *Bergman v. Bergman,* 1 Ariz.App. 209, 401 P.2d 163 (1965). A motion timely filed pursuant to rule 59, Arizona Rules of Civil Procedure, extends the time period for taking an ap-

peal. Rule 9(b), Arizona Rules of Civil Appellate Procedure. However, time limits for filing a motion for new trial are to be strictly applied. *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979).

Formal judgment was entered in this case on November 1, 1983. On November 9, 1983 the appellants filed a motion for new trial or in the alternative, to make additional findings of fact.[1] However, as the appellee points out the motion had no substance to it whatsoever. It merely requested that a new trial be granted or that additional findings of fact be made and it requested leave to file a later memorandum. On November 22, 1983, the appellants filed a memorandum stating the grounds for the request for new trial or additional findings. When the motion was denied, the appellants on December 28, 1983, filed a notice of appeal from the judgment.

A notice of appeal filed more than 30 days after the judgment has been entered is timely only if a timely time-extending motion was filed. Rule 9(b), Arizona Rules of Civil Appellate Procedure. Rule 6(b), Arizona Rules of Civil Procedure, provides that the time for filing the various "time-extending" motions cannot be enlarged. The appellants point out that the judgment had been entered before objections to the formal judgment had been heard, but this has no bearing on when the "time-extending" motions need to be filed.

Appellee contends that appellants' motion filed on November 9, 1983 was in substance a mere request for extension of time to file the post-judgment motion. Ap-

pellee further contends that since the substance of the motion was not filed within 15 days after the judgment, it was untimely and the notice of appeal which was filed thereafter and which was not filed within 30 days from the judgment, was untimely. *See Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971). We agree. Rule 59(c), Arizona Rules of Civil Procedure, provides:

1. The motion for new trial shall be in writing, shall specify generally the grounds upon which the motion is based....

Moreover rule IV(a) of the Uniform Rules of Practice provides:

All motions made before and after trial shall be in writing, shall indicate the precise nature of the relief requested, shall be accompanied by a memorandum indicating, as a minimum, the precise legal points, statutes and authorities relied on, citing the specific portions or pages thereof, and shall be served on the opposing parties....

█ We hold that the motion filed by the appellants did not meet the requirements of either rule 59(c) or Uniform Rule IV(a). Since the appellants' motion is not in compliance with the rules it did not operate to extend the time limits within which to appeal. As the Supreme Court said in *Hegel v. O'Malley Insurance Co.*, 117 Ariz. 411, 573 P.2d 485 (1977):

Counsel, of course, have the obligation and burden of filing properly styled motions which clearly indicate the nature of the relief sought and the appropriate legal references to support the motion.

---

**1.** Omitting the caption, the signatures and the notice of mailing, the motion in its entirety read as follows:

Pursuant to Arizona Rules of Civil Procedure, Rule 59(a) and Rule 52(b), defendants, Charles D. and Carol Roush, hereby request the Court to enter its order granting defendants a new trial, or in the alternative, making additional findings of fact.

Although the judgment in the above-captioned matter has been signed and filed by the Court, oral argument has been set regarding defendants' objections to the proposed form of judgment submitted by plaintiff and subsequently signed by the Court. Defendants re-

quest leave of this Court to file memoranda in support of the instant motion within fifteen days of the resolution of the pending motion concerning objections to the form of judgment.

This request for leave to file memoranda at a later date is based upon the fact that defendants filed timely objections to the proposed form of judgment submitted by plaintiff, but the Court had already signed the proposed judgment prior to receiving defendants' objections.

Respectfully submitted this 9th day of November, 1983.

*Id.* at 412, 573 P.2d at 486. Even though the appellants did file a subsequent memorandum of points and authorities it did not operate to extend the time limits within which to file the motion for new trial. Inasmuch as the judgment was entered on November 1, 1983, a proper motion for new trial should have been filed no later than November 16, 1983. Appellants' memorandum of points and authorities was not filed until November 22, 1983. Therefore, it did not extend the time within which to appeal. For the reasons we have stated in this opinion the appellee's motion to dismiss the appeal is granted. Appeal dismissed.

CORCORAN and FROEB, JJ., concur.