937 P.2d 329

**Patricia LOPEZ–HUDSON, a single woman, Plaintiff/Appellee/ Cross–Appellant,**

v.

**Edward SCHNEIDER, D.D.S., Defendant/Appellant/ Cross–Appellee.**

No. 2 CA–CV 95–0335.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 17, 1996.

Review Denied May 20, 1997.*

* Zlaket, C.J., and Feldman, J., of the Supreme Court, did not participate in the determination of this matter.

Hirsh, Davis & Piccarreta, P.C. by Barry M. Davis and JoJene E. Mills, Tucson, for Plaintiff/Appellee/Cross–Appellant.

Chandler, Tullar, Udall & Redhair, P.C. by D.B. Udall, Tucson, for Defendant/Appellant/Cross–Appellee.

## OPINION

DRUKE, Chief Judge.

Appellant brings this appeal from an adverse malpractice judgment. Appellee cross-appeals, arguing that we must dismiss the appeal for lack of jurisdiction. We agree with appellee and dismiss the appeal.

Judgment in excess of $3 million was entered against appellant on May 15, 1995. Under Rule 59(d), Ariz.R.Civ.P., 16 A.R.S., a motion for new trial must be filed within 15 days of the entry of judgment. On May 23,

appellant moved for an extension of this time limit, citing scheduling conflicts and the unavailability of transcripts. Appellee opposed the motion, arguing that Rule 6(b), Ariz. R.Civ.P., expressly prohibits an extension. Following a hearing, the trial judge granted the motion. He found that appellant had shown "good cause" for an extension and concluded that he had discretion to grant it. Appellant filed a motion for new trial on July 31, which the trial court denied on November 27. Appellant filed a notice of appeal on December 22.

Rule 9(a), Ariz.R.Civ.App.P., 17B A.R.S., requires a notice of appeal to be filed within 30 days of the entry of judgment. Rule 9(b) extends the time for filing an appeal if a timely Rule 59 motion is filed. In that event, the time for filing the notice of appeal is computed from the entry of the order denying the Rule 59 motion. Here, the notice of appeal was filed within 30 days of the denial of the Rule 59 motion, but more than 200 days after the entry of judgment. To determine whether we have jurisdiction then, we must decide if the notice of appeal was timely. That decision depends on whether the trial judge had authority to grant appellant additional time in which to file the Rule 59 motion. We conclude that he did not.

■ It is settled that "time limits for filing a motion for new trial are to be strictly applied." *Butler Products Co. Inc. v. Roush*, 145 Ariz. 32, 33, 699 P.2d 906, 907 (App.1984). "Rule 6(b) ... provides that the time for filing the various 'time-extending' motions cannot be enlarged." *Id. Accord Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979); *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971).

In *Butler Products,* Division One of this court dismissed the appeal on grounds similar to those found here. In that case, judgment was entered against the defendants on November 1, 1983. Eight days later, the defendants filed a Rule 59 motion without a supporting memorandum of points and authorities. The motion "merely requested that a new trial be granted or that additional

findings of fact be made and it requested leave to file a later memorandum." *Id.* at 33, 699 P.2d at 907. The defendants filed a memorandum on November 22, 1983, and thereafter the trial court denied the motion for new trial. The defendants filed their notice of appeal on December 28.

Concluding that the defendants' motion for leave to file a later memorandum "was in substance a mere request for an extension of time to file the post-judgment motion," Division One ruled that "since the substance of the motion was not filed within 15 days after the judgment, it was untimely and the notice of appeal which was filed thereafter and which was not filed within 30 days from the judgment, was untimely." *Id.*

Appellant argues that this case is distinguishable from *Butler Products* because it appears from that opinion that the trial court did not expressly grant the defendants' request for leave to file the substance of their motion more than 15 days after judgment. We find this argument unpersuasive, however, because by accepting and ruling on the untimely motion, the trial court implicitly granted the extension.

■ Appellant next contends that the trial court had discretion to treat his Rule 59 motion as one for relief from judgment under Rule 60(c), Ariz.R.Civ.P. "The crucial factor to be considered on this issue is whether the [nominal Rule 59] motion sets forth grounds for relief recognized by rule 60(c). If the motion does not set forth a basis recognized by the rule for setting aside a judgment, relief must be denied." *Welch,* 123 Ariz. at 165, 598 P.2d at 984. Though he raises this issue, appellant does not explain how the grounds set forth in his Rule 59 motion satisfy those of Rule 60(c), and our own analysis shows that it does not.[1]

■ Appellant requested a new trial on eight grounds. Seven claimed legal error by the trial court. Because "[a] rule 60(c) motion is not a device for weighing evidence or reviewing legal errors," *id.,* we do not ad-

---

1. It also does not appear from the record that the trial court treated the motion as one for relief under Rule 60(c).

**410**

dress them. The eighth ground accused appellee of "repeated use of unfair surprise" pursuant to Rule 59(a)(3). The basis of this accusation was appellee's alleged failure to disclose a document and some of the opinions offered by appellee's witnesses at trial. We are unpersuaded, however, that such "surprise" satisfies the surprise requirement of Rule 60(c)(1). Although we have found no Arizona or federal law construing this requirement, the New Mexico Supreme Court held in *Battersby v. Bell Aircraft Corp.*, 65 N.M. 114, 332 P.2d 1028, 1030 (1958), that a showing of "exceptional circumstances" was required to obtain relief from "a judgment entered through surprise...." We find this standard helpful and conclude appellant has not satisfied it. We note further that appellant argues that the surprise caused by appellee's failure to disclose constitutes prejudice when "taken together with the other instances of misconduct." Presumably, the other misconduct was the trial court's errors, which we have held are unreviewable. On this record, we conclude that the issues appellant raised in his Rule 59 motion could not have been considered under Rule 60(c).

█ Finally, appellant argues the "unique circumstances" doctrine should apply. This doctrine, which is recognized by some federal courts, "is a limited exception that allows an appellate court to exercise jurisdiction over an appeal that was not timely filed." *United States v. Vaccaro*, 51 F.3d 189, 191 (9th Cir.1995). We need not address this argument, however, because our supreme court expressly rejected the doctrine a quarter century ago in *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971).

We conclude, therefore, that the trial court erred by granting appellant's motion to extend the time in which to move for a new trial. The time to appeal was not extended by the granting of the motion, and the appeal is thus untimely. Accordingly, the appeal is dismissed.

ESPINOSA, P.J., and HATHAWAY, J., concur.