952 P.2d 286

ABC SUPPLY, INC., a foreign corporation, Plaintiff–Appellant,

v.

Thomas Hugh EDWARDS and Frances Ann Edwards, husband and wife, dba D & E Roofing, Defendants–Appellees.

No. 1 CA–CV 96–0031.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 17, 1996.

As Amended Oct. 30, 1997.

Opinion Granting Reconsideration in Part Oct. 30, 1997.

Review Denied March 17, 1998.

Kevin John Witasick & Associates by Kevin John Witasick, William C. Knoche, Phoenix, for Plaintiff–Appellant.

Jennings & Haug by James L. Csontos, Phoenix, for Defendants–Appellees.

## OPINION

GRANT, Judge.

ABC Supply, Inc. ("ABC") appeals from the trial court's reduction in attorneys' fees payable by Appellees, Thomas Hugh Edwards and Frances Ann Edwards, husband and wife, dba D & E Roofing ("D & E") following final judgment. For the reasons that follow, we affirm and impose sanctions on counsel for ABC.

### SUMMARY OF FACTS AND PROCEDURE

The underlying cause of action is a breach of contract claim to recover charges for materials sold on credit by ABC, a supplier of roofing materials, to D & E, a roofing company. ABC's claims also included late charges, accrued interest, and all reasonable attorneys' fees, as provided by the contract. The remaining disputes revolve around the procedural aspects of this case.

The procedural history of this case is as follows. On December 9, 1992, ABC filed a claim for the recovery of the principal sum of $7,302.63 with compound interest at a rate of 2% per month. D & E admitted owing the principal sum of $6,130.90 plus simple interest. An arbitrator awarded ABC the principal sum ($6,130.90), plus interest ($3,451.95) and attorneys' fees ($1,500.00). The arbitrator also imposed a Rule 11 sanction against ABC's attorneys of $1,500.00 for needlessly extending the case and thereby harassing Defendants, D & E.

ABC appealed the arbitration. On June 1, 1995, the trial court by minute order awarded the stipulated principal amount ($6,130.90), plus prejudgment interest ($4,105.95), costs and reasonable attorneys' fees in favor of ABC. There is no record of the trial court setting a date for the application for, or objection to, attorneys' fees. On July 18, 1995, D & E filed a Request for Extension of Time to File Objection to Application for Fees. This document was filed on the same day the trial court judge signed the judgment, but one week prior to the judgment being filed with the clerk of the court (July 25, 1995). The judgment awarded ABC the stipulated principal amount ($6,130.90)

together with interest at a rate of 24% per annum, plus prejudgment interest ($4,105.95), costs ($170.00) and attorneys' fees ($22,892.00).

On July 27, 1995, the trial court granted D & E an extension until August 11, 1995, to file an objection to the application for attorneys' fees. On August 9, 1995, D & E filed a Motion for New Trial. D & E filed a timely Objection to ABC's Application for Attorneys' Fees on August 11, 1995. The Objection was accompanied by the Affidavit of Attorney David C. Tierney as an expert on legal fees. On August 24, 1995, ABC filed a Reply to Objection to Application for Attorneys' Fees. On August 29, 1995, the trial court, by minute entry, reduced attorneys' fees payable to ABC from $22,892.00 to $2,500.00 and denied D & E's Motion for a New Trial. The trial court specifically found $2,500.00 to be a reasonable amount for attorneys' fees in this case.

On September 14, 1995, ABC moved for a new trial on the issue of attorneys' fees. The trial court, under Maricopa County Superior Court Rule 3.7, ordered a hearing on the issue of attorneys' fees. On November 2, 1995, the trial court conducted a hearing at which ABC's counsel of record, Kevin John Witasick ("Witasick"), testified for ABC. On November 6, 1995, the trial court entered formal written amended judgment which affirmed the original judgment of principal, interest and costs, but ordered attorneys' fees to ABC in the sum of $2,500.00, affirming the minute entry of August 29, 1995.

ABC timely appealed the judgment of the trial court. This court has jurisdiction under Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B).

## DISCUSSION

The issues presented in this appeal are:

1. Whether the trial court is barred by the doctrines of *res judicata* and collateral estoppel from allowing new evidence in determining reasonable attorneys' fees after entry of final judgment.

2. Whether the trial court abused its discretion by reducing an award for attorneys' fees after entering final judgment.

3. Whether the reduction of attorneys' fees from $22,892.00 to $2,500.00 is reasonable.

4. Whether plaintiff's attorney should be sanctioned for improper conduct.

## 1. *Res Judicata*

■ ABC argues that D & E is barred from relitigating the trial court's original attorneys' fees award to ABC, embodied in a duly entered final judgment under the doctrines of *res judicata* and collateral estoppel. New arguments such as collateral estoppel and *res judicata* cannot be raised for the first time on appeal. *See Aldrich and Steinberger v. Martin,* 172 Ariz. 445, 447, 837 P.2d 1180, 1182 (App.1992). Only the theories expressly raised at trial are "properly preserved for appeal." *Id.*

■ In this case, ABC did not present the issues of *res judicata* or collateral estoppel to the trial court. ABC had the opportunity to raise these issues when it filed the Reply in Support of its Application for Attorneys' Fees and Response to Defendants' Motion for New Trial. Furthermore, ABC filed a Motion for New Trial and Reply in Support of its Motion for New Trial after the trial court reduced the attorneys' fees award, thereby clearly illustrating an intent not to be bound by the amended final judgment. We hold that ABC waived the arguments of *res judicata* and collateral estoppel by not expressly raising them in response to D & E's Objections to Application for Attorneys' Fees and affirmatively seeking to relitigate the matter after the trial court amended the July 25, 1995 judgment by reducing the award of attorneys' fees from $22,892.00 to $2,500.00.

## 2. Abuse of Discretion.

### a. *Finality of Judgments*

■ ABC contends that D & E did not timely file the Request for Extension of Time to File an Objection to Application for Fees before the final judgment was entered. Arizona Rules of Civil Procedure ("ARCP"), Rule 58(a), sets forth three requirements for a final judgment: (1) it must be written; (2)

signed by a judge; and (3) filed with the clerk of the court. *Focal Point v. Court of Appeals*, 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986) (holding that a judgment is not final until it is filed with the clerk of the court).

In this case, D & E made a timely Request for Extension of Time to File Objection to Application for Fees before final, written judgment was filed with the clerk of the court. The Request by D & E was filed with the court on July 18, 1995. The judgment, awarding ABC attorneys' fees in the sum of $22,892.00, was prepared and signed by the trial court on July 18, 1995, but was not filed with the clerk of the court until July 25, 1995. Therefore, in accordance with Rule 58(a), the judgment was not final until one week after the trial court received the extension request from D & E. Thus, D & E's Request for Extension was timely.

b. *Modification of Judgment*

■ ABC argues that the trial court cannot modify a judgment once the judgment becomes final. ARCP, Rule 60(c), provides:

On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) [relating to newly discovered evidence] and (3) [relating to fraud by an adverse party], not more than six months after the judgment or order was entered or proceeding was taken.

The Rule further provides that "[T]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment...." *Id.*

D & E argues that the trial court's discretion to reduce attorneys' fees after final judgment is governed by *Hammond v. A.J. Bayless Markets, Inc.*, 58 Ariz. 58, 117 P.2d 490 (1941). In *Hammond*, our supreme court recognized that under Rule 60(c) (formerly section 3859, R.C.1928, section 21–1502, note, A.C.1939) the court may modify a judgment within six months from the date of entry. *Id.* at 66, 117 P.2d at 493. The *Hammond*

court reasoned that "when the proper amount to be allowed is wholly within the discretion of the trial court and dependent to a great extent on its own knowledge, the mere fact that the court does modify the judgment is sufficient to establish that it had good cause to believe the modification to be correct." *Id.*

ABC counters that the trial court erred by granting D & E postjudgment relief. ABC relies first on *Roberts v. Morgensen Motors*, 135 Ariz. 162, 659 P.2d 1307 (App.1982) and *Ruck Corp. v. Woudenberg*, 125 Ariz. 519, 611 P.2d 106 (App.1980). In *Roberts*, we held that there was no abuse of discretion in the trial court's denial of a motion to set aside attorneys' fees when the dealer failed to file a timely response to purchaser's affidavits regarding fees. 135 Ariz. at 167, 659 P.2d at 1312. In *Ruck*, we held that the trial court's decision to deny a post-trial motion for reduction in attorneys' fees was not an abuse of discretion since counsel did not make a prior objection to the procedure and because this issue was not raised until the motion for new trial. 125 Ariz. at 522, 611 P.2d at 109.

*Roberts* and *Ruck* are distinguishable from this case because here the trial court granted post-judgment relief, rather than denying it. Further, if ABC accepts the proposition that the trial court has discretion to deny post-judgment relief, then it must accept the proposition that the trial court has the discretion to grant post-judgment relief under reasonable circumstances, as per ARCP, Rule 60(c). Moreover, unlike the parties in *Roberts* and *Ruck*, who untimely submitted their pleadings or failed to make a proper objection, D & E filed its Request for Extension of time.

ABC then argues that the trial court erred by failing to follow *Mark Lighting Fixture v. Gen. Elec. Supply*, 155 Ariz. 27, 745 P.2d 85 (1987). However, *Mark Lighting* is not on point. *Mark Lighting* held that a party who sought a post-judgment award of attorneys' fees had to "move for a new trial or amendment of judgment" within fifteen days after entry of judgment. *Id.* at 31, 745 P.2d at 89. However, ABC inexplicably fails to mention in its opening brief that D & E did exactly

what *Mark Lighting* required—it complied with Rule 59(d) by filing a motion for new trial within fifteen days after entry of judgment. Clearly, the trial court had jurisdiction to correct its error in prematurely deciding ABC's claim for attorneys' fees, and it explained its decision, as follows:

> When the Court signed the Judgment on July 18, 1995 and figured the reasonable attorneys' fees ($22,892), it had not seen the opposition to the attorneys' fees requested from the defendants and the affidavit of David Tierney. Apparently they had been filed elsewhere. On July 27, 1995, the Court granted the defendants additional time to file their objections.
>
> The Court has reconsidered the question of the attorneys' fees and finds that its computation of $22,892 is not a reasonable amount. In view of what the Court has seen, a reasonable amount is $2,500. Therefore,
>
> IT IS ORDERED vacating that part of the July 18, 1995 judgment awarding attorneys' fees of $22,892 and amending it to show an award of $2,500.

ABC's arguments that the trial court had no jurisdiction to enter this order are frivolous.

### 3. Reasonable Attorneys' Fees.

 We review the amount of attorneys' fees awarded to ABC under an abuse of discretion standard. *Gilbert v. Board of Medical Examiners,* 155 Ariz. 169, 185, 745 P.2d 617, 633 (App.1987) (citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986)). We will not disturb the trial court's judgment on appeal if there is any reasonable basis for the amount awarded. *Id.; see also Wistuber v. Paradise Valley Unified School Dist.,* 141 Ariz. 346, 350, 687 P.2d 354, 358 (1984) (holding that the court of appeals does not substitute its judgment for that of the trial court in failing to award attorneys' fees).

Here, the trial court reviewed ABC's Application for Attorneys' Fees and Affidavit in Support of Attorneys' Fees and ABC's Reply to Objection to Application for Attorneys' Fees. The Affidavit contained, among other things, the hourly billing rate of ABC's attorneys and paralegals and the number of hours charged for the litigation. Witasick, attorney for ABC, testified at a hearing on the issue of attorneys' fees. The trial court also reviewed D & E's Request for Extension of Time to File Objection to Application for Fees, Motion for New Trial, Affidavit of David C. Tierney Re: Legal Fees to be Charged Against Defendants and the Objection to Application for Attorneys' Fees.

 ABC argues that the trial court abused its discretion by not correctly applying the guidelines as set forth in *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983) for recovery of attorneys' fees pursuant to a contractual provision. The fundamental rule set forth in *Schweiger* for determining attorneys' fees is that the trial court must determine: (1) reasonable billing rate, and (2) hours reasonably expended. *Id.* at 187–88, 673 P.2d at 931–32. *Schweiger* noted that "just as the agreed upon billing rate between parties may be considered unreasonable, likewise the hours claimed may also be unreasonable." *Id.*

 D & E does not argue that the billing rate was unreasonable, but instead that ABC's claim of hours expended was unreasonable. In the Objection to Application for Attorneys' Fees, D & E directly challenges the reasonableness of more than 270 billed hours. D & E also presented the trial court with the Affidavit of David C. Tierney who testified as an expert witness that ABC's reasonable attorneys' fees should be no more than $1,900.00. D & E thus urged that the fee request for $29,185.00 was per se unreasonable because it arose out of a $6,130.90 claim.

ABC says this argument is flawed for two reasons: (1) the claim was for more than $6,130.90, since it included late payment charges, interest, and attorneys' fees; and (2) "fees in excess of the amount in dispute are not *per se* unreasonable." *Harris v. Reserve Life Ins. Co.,* 158 Ariz. 380, 384, 762 P.2d 1334, 1338 (App.1988) (emphasis added).

ABC and its counsel, Witasick, claim that the trial court's action in reducing ABC's fee award to $2,500.00 after having first determined that a reasonable fee was $22,892.00 contravenes the rules of law governing con-

tractual fee awards and subverts the public policy supporting those rules. We know of no public policy that allows attorneys to churn cases to generate fees beyond those reasonably necessary to successfully terminate the case. Here, D & E always admitted owing the debt; always admitted the principal sum of debt was $6,130.90; and always admitted owing prejudgment interest. D & E's expert witness on attorneys' fees, David Tierney, concluded that ABC should have reasonably incurred no more than $1,900.00 in order to obtain a judgment for the amount that was actually owed on an undisputed debt. Tierney believed that the trial court should have ordered that ABC's attorneys refund any attorneys' fees that ABC actually paid in excess of $1,900.00 pursuant to *Precision Components, Inc. v. Harrison, Harper, Christian & Dichter, P.C.*, 179 Ariz. 552, 555, 880 P.2d 1098, 1101 (App.1993) (court could prohibit counsel from charging attorneys' fees for an inappropriately filed motion for summary judgment.)

The trial court, in reviewing the arguments of both sides, noted that the actual damages in the underlying action were $6,130.90, plus interest and costs, and that a vacated arbitration judgment awarded $1,500.00 in attorneys' fees to ABC. The trial court therefore reduced the fee award from $22,892.00 to $2,500.00. We hold that the trial court did not abuse its discretion in amending the award of attorneys' fees.

### 4. The Sanctioning of Plaintiff's Attorneys.

D & E requests that ABC's attorneys be sanctioned pursuant to A.R.S. sections 12–341.01(C), 349, 350, and Arizona Rules of Civil Appellate Procedure, Rule 25. We agree that the attorneys who filed this appeal should be sanctioned. Our explanation will focus on Mr. Kevin John Witasick himself, for he is the one most responsible for protracting this litigation.

In the first place, Witasick filed a frivolous appeal arguing that the trial court did not have either authority to consider the reasonableness of an attorneys' fee application or jurisdiction to grant relief from a premature-

ly-entered judgment from which a timely motion for new trial was filed.

It is also significant that Witasick was sanctioned $1,500.00 by the arbitrator—two years and two appeals ago—in this very case. This prior sanction should have been a prior "lesson" from which Witasick learned something. The first sanction was entered on July 8, 1994, by arbitrator John R. Zarzynski, a member of the State Bar of Arizona, who found as follows regarding Witasick:

The Arbitrator has considered the various requests for Rule 11 Sanctions and finds that counsel for Plaintiff has violated Rule 11, Arizona Rules of Civil Procedure by filing papers containing abusive language toward opposing counsel which constitutes a form of harassment prohibited by Rule 11. The Arbitrator further finds that counsel for Plaintiff has unreasonably expanded the proceedings in this matter primarily for purposes of harassment and without substantial justification. Accordingly,

IT IS HEREBY FURTHER AWARDED that Defendant have judgment against Plaintiff's counsel, Kevin John Witasick & Associates, in the amount of $1,500.00 pursuant to Rule 11, Arizona Rules of Civil Procedure, A.R.S. § 12–349, and Supreme Court Rule 42, preamble, paragraph 4.

Much of the "abusive language toward opposing counsel" referred to by the arbitrator was concisely summarized by Witasick in his Response to Defendants' Request for Rule 11 Sanctions:

Many of the statements which defense counsel finds objectionable are not made in pleadings, but in letters from plaintiff's counsel to defense counsel. For example, the following statements to which defendants' attorney objects are contained in such letters:

(1) "To put it bluntly, Mr. Csontos [1], you are completely bereft of any intellectual integrity whatsoever [.]"; (2) "Assuming you are capable of reading basic English . . . ."; (3) "I strongly suggest that you [Mr. Csontos] have a CAT scan run,

---

1. James L. Csontos, counsel for D & E.

to confirm whether or not you are operating on all cylinders."; (4) "Since I assume that you have no intention of growing up, and will continue pressing positions for which there is no legal support, evidently due to the fact that you have some sort of behavioral or personality disorder which mandates you taking frivolous positions . . . ."

Witasick found nothing wrong with his name calling: He claimed in the record below that he "has a right under the First Amendment of the United States Constitution to express his opinions in letters, and since letters are not pleadings, these opinions are not subject to sanction under Rule 11." Although Witasick's abusive language is not the precise issue on appeal, the following exchange between counsel at the attorneys' fees hearing gives some insight into the animosities that drove this case to ridiculous expense:

Q. [Attorney Csontos]. The case is really involving attorneys' fees, isn't it?

A. [Attorney Witasick]. You've turned it into that.

Q. $2500 though from $1600, that would have been more than enough money to move for a judgment on the pleadings, wouldn't you say?

A. What was that now?

Q. The difference between 1600 and $2500, the amount the judge has awarded you, would have been more than enough to move for judgment on the pleadings after receiving the answer?

A. If I were dealing with a normal law firm that didn't litigate line by line, but your law firm litigates line by line and you try to squeeze every conceivable dime out of a file. I wouldn't bring anything to a cheap resolution with you. We always end up litigating with you, and you know the history between our firms is very poor.

Q. You don't know what fees I have charged the Edwards, do you?

A. No.

Q. So you don't have any reason to believe I have been trying to squeeze money out of the Edwards.

A. I certainly believe your firm has gotten your pound of flesh. That's your way of operation.

Q. But you just don't know?

A. I don't have any reason to know.

Witasick accused Csontos of overcharging his client without knowing what Csontos was charging his client. However, Witasick had no problem with charging his own client $29,185.00 to recover an admitted debt of $6,130.90. Witasick's position on appeal was basically (and incredibly) that the reasonableness of his fee was none of the court's business, and that the ethical rules did not apply to this fee. For example, ABC's opening brief (signed by Witasick) had this to say regarding the opinion of D & E's expert that the fee was unethical:

> The affidavit of the attorney having no involvement in this case pompously intoned the fees are "clearly excessive" under ER 1.5. As made clear in *Schweiger*, the standards of ER 1.5 apply to fixed fee and contingent fee cases. *This was not such a case.* Thus, the reference to ER 1.5 is legally groundless and nothing more than a malicious attempt to disparage ABC's counsel by libel.

*Schweiger* cannot fairly be construed to support any sort of "no ethical rules apply" argument. *Schweiger* was a case, like this one, in which the court was "concerned only with determining reasonable attorneys' fees in commercial litigation," as required by A.R.S. sections 12–341.01(A) and (C). 138 Ariz. at 186–87, 673 P.2d at 930–31. *Schweiger* held that it is the court's responsibility to study any fee application for "reasonableness;" the purpose of the *Schweiger* opinion was to establish guidelines to facilitate that effort. *Id.* at 186, 673 P.2d at 930.

▬ In ABC's reply brief, counsel deny asserting in their opening brief that "ABC's counsel are not governed by the ethical rules," but then they repeat the opening brief's assertion that ER 1.5 applies only to fixed fee and contingency fee cases, and not to the hourly-rate fee pursuant to the underlying contract. Counsel are wrong. ER 1.5(a) begins with the statement: "A lawyer's fee shall be reasonable." A fee agreement between counsel and client is binding on the

court only to the extent that the fee is reasonable. *Schweiger,* 138 Ariz. at 188, 673 P.2d at 932. Similarly, the court can consider whether fees requested pursuant to the parties' contract are reasonable.

Witasick's assertion that the fees paid by ABC are of no concern to the court is also based on a misreading of *Schweiger,* and is set forth in the reply brief (signed by William C. Knoche on behalf of himself and Witasick) as follows:

> As [D & E] would have it, a litigant, agreeing to pay an hourly rate for attorneys' fees in a commercial litigation case where fees are provided by contract, can subsequently be second-guessed by a court, after the litigant has paid the agreed fees, and told that his decision was not reasonable because, in hindsight, the court does not think the fees are reasonable. Such an approach would threaten the viability of commercial litigation by essentially negating not only contractual fee provisions between litigants, but also between litigants and their counsel. The danger inherent in such a form of judicial activism should be fairly obvious so as to not require further detail on this point.

The Witasick firm takes offense at the notion that the court would look into the reasonableness of fees they asked the court to award and suggests that such inquiry is dangerous "judicial activism." We believe that a responsible judiciary should be active in examining the reasonableness of all attorneys' fee applications; and the judiciary should also be active in imposing sanctions on counsel who are as unreasonable as Witasick and his firm have been in this case. Witasick and his firm must learn that professional obligations such as Rule 11 and ER 1.5 apply to them in all cases—even when the other lawyer infuriates them.

In further explanation of the need to sanction Witasick and his firm, we cite with approval and adopt as our own the opinions which David Tierney, an expert on attorneys' fees, expressed in his affidavit:

> 2. Your affiant has been an active commercial litigator for over 25 years in Maricopa County and is experienced in commercial practice such as is involved in this case. . . .
>
> 3. Your affiant was retained [by D & E] (at his usual hourly rate) to review the file in this case and to render a written opinion as to: (a) the propriety of the Plaintiff's 6/26/95 17 page application (with Exhibits) for approximately $29,185.00 in legal fees for Plaintiff's counsel's handling of this $6,130.90 matter; and (b) the appropriate amount of legal fees which the Court ought to award, given the circumstances of this case.
>
> . . .
>
> 5. It is your affiant's definite and firm conviction (and opinion) after a review of the facts, as explained below in subparagraphs 7(a) through 7(k),
>
> (a) this file was "churned" and the case made (needlessly) complex and a burden upon Defendants and the court by the conduct of Plaintiff's counsel, Kevin John Witasick, Esq.
>
> (b) the Witasick request for $29,185.00 in legal fees in this $6,130.90 matter is clearly excessive and does not comply with the requirements of the Preamble to the Ethics Code (17A A.R.S. page 325, "A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others.")
>
> (c) the Witasick request for $29,185.00 in legal fees in this $6,130.90 matter is clearly excessive and not in compliance with E.R. 1.5 (17A A.R.S., page 337, "A lawyer's fees shall be reasonable,") in the light of 8 factors, including: labor *"required;"* novelty and difficulty of the questions involved; skill needed; fee customarily charged in Maricopa County for such matters; the *amount involved;* the *results* obtained; whether the fee was fixed or contingent; etc. (emphasis supplied).
>
> . . .
>
> 7(d) . . . [I]f Plaintiff's counsel had had the case on a contingent fee, he would have simply seized on the Edwards admitting the principal sum (the same exact sum later awarded on 7/11/94 by the arbitrator, and then on 6/01/95, by Judge Schafer). At that point, *if* Plaintiff's counsel had had

the interest of his client in mind, instead of billing (and apparently collecting an unconscionable $29,185 from his client to pursue the $6,130.90 debt), Plaintiff's counsel would have worked out a stipulated judgment which Defendants' answer indicated that they were willing to enter into for the principal sum. Any remaining issues about tolling (or not) of a portion of the $1,171.73 in interest then due could have been handled by a brief evidentiary hearing or by a submission on stipulated facts to the Court or to the single lawyer arbitrator. The matter could have been resolved for $250 in additional fees.

(e) However, using offensive Rambo rhetoric in letters to opposing counsel, at this point, Mr. Witasick set about to churn the file over a very few dollars of interest only, knowing that ABC Supply was (as Defendants had *admitted* in their *first* pleading) entitled to *some* judgment for the principal amount, with only a very small amount of interest being still at issue.

. . .

(h) This case is a(bad) example of an attorney (Mr. Witasick) having "the advantage" because his Plaintiff truly *is owed* the principal sum, which the Defendants *admitted* that they owed. The attorney (Mr. Witasick) then acted in a non-practical and a "spend any amount for legal games" way concerning which neither the client nor the courts would approve if they were clearly informed about what time was being spent and what was being done regarding the small amount of interest that was truly at issue after the 1/29/93 Answer had been filed by the Edwards.

(i) Your affiant is of the opinion that the fee here sought from the Defendants (which are *25 times* the $1,171 in interest which was left at issue following the 1/29/93 Answer by the Edwards) is so excessive as to indicate that the fee was not incurred (as between Mr. Witasick and his client) in good faith by Mr. Witasick and that the fees have been sought against the Edwards by Mr. Witasick in bad faith. *See In re Maryland [Myrland],* 54 Ariz. 284, 95 P.2d 56, 60 (Ariz.1939) and *Matter of Mercer,* 126 Ariz. 274, 614 P.2d 816, 820 (1980). In both cases the court chastised a

"ruthless" attorney for claiming excessive sums were due to the attorney as legal fees.

(j) Finally, your affiant must comment upon a legal point which is raised by Mr. Witasick on pages 10–11 of his 17 page 6/26/95 Application for $29,185.00 in legal fees. Mr. Witasick has stated that, because the fees clause in the Credit Application Agreement provides for the Edwards to pay (*"reasonable "*) attorneys' fees, then this Court should consider itself bound to "indemnify" ABC Supply for essentially *any* unreasonable "frolic of his own" in which Mr. Witasick chose to engage. In the opinion of your affiant, the duty imposed on Mr. Witasick by the Rules of Ethics made all but 1/15th or less of his time and activities in this lawsuit nothing more than improper "piling on" and harassment which constitutes a discredit to the profession.

(k) In your affiant's opinion the Court should award ABC Supply no more than $1,900 as and for legal fees and should instruct Mr. Witasick to remit immediately to his client all sums which Mr. Witasick has billed to his client in excess of $1,900.00 for legal fees.

The trial court awarded Witasick $2,500.00 of his claimed-entitlement to $29,185.00 in attorneys' fees, but did not otherwise sanction Witasick. We find no abuse of discretion in the trial court's restraint. But then Witasick appealed, and thus magnified his misdeeds and entangled a third tribunal in his single-minded pursuit of a higher fee and "victory" over Csontos at any cost. This appeal is an expensive frivolity to which neither client should have been subjected and for which Witasick and his firm will be severely sanctioned.

### SANCTIONS ON WITASICK AND HIS FIRM

Pursuant to Arizona Rules of Civil Appellate Procedure, Rule 25, it is:

ORDERED that KEVIN JOHN WITASICK (SBN # 009360) personally pay ABC $2,500.00 as a credit on the amount owed ABC by D & E;

FURTHER ORDERED that KEVIN JOHN WITASICK & ASSOCIATES pay all

reasonable attorneys' fees and costs of D & E in this appeal;

FURTHER ORDERED that KEVIN JOHN WITASICK & ASSOCIATES refund to ABC all attorneys' fees paid by ABC in this appeal;

FURTHER ORDERED that KEVIN JOHN WITASICK send a copy of this opinion to ABC.

### ATTORNEYS' FEES ON APPEAL

Both parties have requested attorneys' fees and costs on appeal pursuant to the written contract. *See Steele v. Vanderslice,* 90 Ariz. 277, 288, 367 P.2d 636, 643 (1961) (citations omitted). (Additional attorneys' fees may be awarded for prosecution or defense of an action in the appellate courts.) Because D & E is the successful party in this appeal, we award D & E its reasonable attorneys' fees and costs in an amount to be determined upon compliance with Arizona Rules of Civil Appellate Procedure, Rule 21(C).

### CONCLUSION

The judgment of the trial court is affirmed.

NOYES, P.J., and WEISBERG, J., concur.

### SUPPLEMENTAL OPINION

GRANT, Judge.

Appellant ABC has filed a Motion for Reconsideration, supported by a lengthy affidavit from Liz Hart, the ABC Credit and Collection Specialist who worked directly with the Witasick firm in this case. Hart's affidavit makes clear that ABC knew about, approved of, and directed the actions of the Witasick firm in this appeal. Accordingly, good cause does not exist to relieve ABC from paying its own fees in this appeal. On reconsidering the matter in light of the Hart affidavit, we conclude that, although the Witasick firm is responsible for the conduct of its attorneys, ABC is responsible for paying the fees incurred by the Witasick firm on behalf of ABC. For these same reasons, good cause does not exist for this court to sanction the Witasick firm with assessment of all reasonable attorneys' fees incurred by Appellee D & E in this appeal.

The Hart affidavit, in pertinent part, provides as follows:

Liz Hart, being first duly sworn on her oath, deposes and states as follows:

. . . .

2. I am the Credit and Collection Specialist, who among other things, handles the national placing and follow-up of collection and litigation cases for ABC Supply Co., Inc. ("ABC"), the Plaintiff/Appellant in the above-captioned matter.

. . . .

34. ... ABC Supply has been completely apprised of everything Mr. Witasick and his office was [sic] doing on this file, and planned to do on the file.

. . . .

41. ... ABC Supply thus specifically instructed Mr. Witasick to take this matter through to a final resolution, to collect every penny to which ABC was legally entitled, and to not cut any lesser settlement deals.

. . . .

48. ... We have demanded from Mr. Witasick and his staff their zealous representation in protecting our legal interests, in this regard, and they have done a magnificent job in doing so.

. . . .

54. So that there is no misunderstanding, ABC directed the prosecution of this action by its attorneys.

. . . .

56. ABC directed that its counsel appeal from the arbitration decision, as well as the final ruling of the Superior Court.

ABC having supported and directed the conduct of its counsel in this appeal, the ABC Motion for Reconsideration is hereby granted, in part, as follows:

1. IT IS ORDERED vacating the sanction order that KEVIN JOHN WITASICK & ASSOCIATES refund to ABC all attorneys' fees paid by ABC in this appeal.

2. IT IS FURTHER ORDERED vacating the sanction order that KEVIN JOHN WITASICK & ASSOCIATES pay all reasonable attorneys' fees and costs of D & E in this appeal, and replacing said order with that set forth in paragraph 3, below:

58

3. IT IS FURTHER ORDERED that KEVIN JOHN WITASICK & ASSOCIATES pay $5,000 of the reasonable attorneys' fees and costs of D & E in this appeal as a sanction pursuant to A.R.S. section 12–349, with the remainder of those fees and costs to be paid by ABC, not as a sanction but pursuant to A.R.S. section 12.341.01(A).

4. IT IS FURTHER ORDERED that the last sentence before the Conclusion of the opinion is deleted. This sentence stated that, "Pursuant to the sanctions order, any attorneys' fees and costs awarded to D & E will be imposed on Kevin John Witasick & Associates; they will not be imposed on ABC." The Clerk of the Court is directed to strike that sentence from the opinion filed December 17, 1996.

5. In all other respects, the Motion for Reconsideration is denied.

NOYES, P.J., and WEISBERG, J., concur.