NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

PETER MUSCARELLA, *Petitioner/Appellee*,[1]

*v.*

ELISA MUSCARELLA, *Respondent/Appellant*.

No. 1 CA-CV 25-0073 FC

FILED 11-26-2025

Appeal from the Superior Court in Coconino County
No. S0300DO202000396
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin, Elizabeth Nañez
*Co-Counsel for Petitioner/Appellee*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant*

---

[1] On the court's own motion, it is ordered amending the caption in this appeal as reflected in this decision. The above referenced caption shall be used on all further documents filed in this appeal.

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

**¶1**          Elisa Muscarella ("Wife") appeals the superior court's denial of her motion for relief from a portion of the decree of dissolution ending her marriage to Peter Muscarella ("Husband").[2]  She argues the court erred in not vacating the order requiring her to pay one-half of the community's tax obligation for income earned after the community ended.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          Husband and Wife married in 1987.  Husband filed a petition for dissolution of marriage in November 2020.  The dissolution trial took place over ten non-consecutive days from September 2022 to March 2023.  During the trial, an accountant prepared the parties' 2021 tax return.  The accountant provided the return to Husband in December 2022.  Husband provided it to Wife in February 2023, and she signed it at that time.

**¶3**          Following the trial, the superior court entered the dissolution decree in December 2023.  As relevant here, each party was assigned "[o]ne-half of all personal federal and state income taxes that may be owed for all tax years up to 2023."  At the time of trial, the court had no evidence of the total tax liabilities for 2021 and 2022.  The parties' income for those years was earned from Husband's position at Straightline Builders, Inc. ("Straightline"), a community business.

**¶4**          Wife filed a motion for relief from judgment in July 2024, challenging the decree's income tax division.  Wife raised three grounds for relief under Arizona Rule of Family Law Procedure ("Rule") 85: mistake, inadvertence, surprise, or excusable neglect under Rule 85(b)(1); fraud, misrepresentation, or other misconduct under Rule 85(b)(3); and any other

---

[2] Although Husband filed a notice of cross-appeal, Husband waived the cross-appeal and did not file a cross-appeal brief.

reason justifying relief under Rule 85(b)(6). The superior court held oral argument in October 2024 and denied the motion as to the fraud, misrepresentation, and misconduct ground. The next month, the court issued an order denying the other grounds for relief.

**¶5** Wife timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6** Wife argues the superior court erred in denying her motion for relief from the portion of the decree assigning her half of the parties' outstanding tax debt. We review the superior court's denial of a motion to set aside a judgment for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). A court abuses its discretion when it acts arbitrarily or inequitably, makes a decision unsupported by the facts, or misapplies the law. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985).

I.      Subject Matter Jurisdiction

**¶7** Wife argues the superior court lacked subject matter jurisdiction to order her to pay any post-petition tax debt. We review challenges to subject matter jurisdiction de novo. *Duckstein*, 230 Ariz. at 231, ¶ 8. If a court lacks subject matter jurisdiction, a judgment or order is void, and the superior court has no discretion but to vacate it. *See Martin v. Martin*, 182 Ariz. 11, 14-15 (App. 1994).

**¶8** Wife contends the community ended when she was served with the dissolution petition in November 2020. *See* A.R.S. § 25-213(B) ("Property that is acquired by a spouse after service of a petition for dissolution of marriage . . . is also the separate property of that spouse if the petition results in a decree of dissolution."). She asserts the income earned after that date was Husband's separate property, and the superior court therefore lacked jurisdiction to compel her to pay taxes on that income.

**¶9** Wife is correct that the community ended in November 2020. But service of a petition for dissolution does not alter the status of existing community property. A.R.S. § 25-211(B)(1). Straightline remained a community asset until the decree was entered in December 2023.

**¶10** When community property is used to acquire new property, that property is also community property. A.R.S. § 25-211(B)(2). This includes the profits earned by community businesses before the decree. *See Schickner v. Schickner*, 237 Ariz. 194, 201, ¶ 30 (App. 2015) (holding a

husband's distributions from the community business were "attributable to the community as profits derived from existing community assets"). Wife acknowledged this and made a pre-trial request for her portion of the post-petition community income. The parties' tax debt is owed on this income and is a community debt. The superior court therefore had jurisdiction to assign the tax debt to Wife.

II.     Motion for Relief

¶11         Under Rule 85(b), a superior court may relieve a party from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to file a motion [to alter or amend the judgment or order];

(3) fraud    (whether    previously    called    intrinsic    or    extrinsic), misrepresentation, or other misconduct of an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason justifying relief.

"If language in [the Arizona Rules of Family Law Procedure] is substantially the same as language in the civil rules, case law interpreting the language of the civil rules will apply to these rules." Ariz. R. Fam. Law Proc. 1(c). *Compare* Ariz. R. Fam. Law Proc. 85(b) *with* Ariz. R. Civ. Proc. 60(b). Wife asserts four Rule 85(b) grounds for relief. We examine each in turn.

A.     Surprise

¶12         Wife contends she qualifies for relief on the ground of surprise under Rule 85(b)(1). She must show "exceptional circumstances" to prevail on this ground. *Lopez-Hudson v. Schneider*, 188 Ariz. 407, 410 (App. 1996) (citation omitted).

¶13         Wife claims surprise because Husband did not provide the couple's 2021 tax return to her until February 2023, and she did not learn

the tax liability was unpaid until December 2023. But she received the tax return before the final trial day in March 2023. And Husband testified on that date. The superior court found that Wife could have questioned Husband about the tax liability and whether it had been paid but failed to do so.

¶14 We agree with the superior court's conclusion that Wife has not shown exceptional circumstances. The superior court did not abuse its discretion in denying Wife relief on the surprise ground.

### B. Newly Discovered Evidence

¶15 Wife cites Rule 85(b)(2) to argue she qualifies for relief on the ground of newly discovered evidence. We will not consider new arguments raised for the first time on appeal. *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 50 (App. 1996).

¶16 Although the parties referred to this ground at the October 2024 oral argument, Wife did not raise it in her motion for relief to the superior court and has therefore waived it. *See id.* Waiver aside, we find no merit in Wife's argument.

¶17 By its plain language, Rule 85(b)(2) grants relief only if the evidence could not have been discovered with reasonable diligence. In other words, "if [the evidence] was in possession of the party before the judgment was rendered it is not newly discovered and does not entitle h[er] to relief." *Ashton v. Sierrita Mining & Ranching*, 21 Ariz. App. 303, 305 (1974) (citation omitted).

¶18 Here, as discussed above, Husband disclosed the tax return to Wife before the close of trial, so it is not newly discovered. Wife also had the opportunity to ask Husband about the tax liability during his testimony on the last trial day. By not doing so, Wife failed to exercise reasonable diligence to discover whether the tax debt had been paid.

### C. Fraud, Misrepresentation, or Misconduct

¶19 Wife also raised the ground of fraud, misrepresentation, or misconduct under Rule 85(b)(3). To qualify for relief, Wife must show she had a meritorious claim that she "was prevented from fully presenting before judgment . . . because of the adverse party's fraud, misrepresentation, or misconduct." *Est. of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993) (citation omitted).

¶20 Here, the superior court found Husband made no misrepresentation to Wife. Wife argues that even if Husband made no affirmative misrepresentation about the 2021 tax debt, his failure to disclose that the debt had not been paid constituted fraud and misconduct and prevented Wife from properly preparing for trial.

¶21 In support, Wife cites *Breitbart-Napp v. Napp*, 216 Ariz. 74 (App. 2007). There, this court held the husband had a duty to disclose the value of a business asset and the value was "material and relevant" to the wife's handling of the case. *Id.* at 82, ¶¶ 29-30. As a result, the court approved the superior court's misconduct finding and grant of relief. *See id.* at 82-83, ¶¶ 27-31.

¶22 Here, unlike in *Breitbart-Napp*, Husband disclosed the amount of taxes owed when he provided the tax return to Wife before the close of trial. The record supports that he made no affirmative representation that the tax debt had been paid. Once Wife knew the amount of the tax liability, she was not prevented from investigating further or raising her argument in the superior court.

¶23 The record supports the superior court's finding that Husband's actions did not prevent Wife from fully presenting a meritorious claim. The superior court therefore did not abuse its discretion in denying her claim for relief under Rule 85(b)(3).

> D.  Any Other Reason Justifying Relief

¶24 Wife argues the court erred by denying her request under Rule 85(b)(6). "[E]xtraordinary," "unique," or "compelling" circumstances are required to justify relief under Rule 85(b)(6). *See Park v. Strick*, 137 Ariz. 100, 105 (1983). Our supreme court has declined to provide hard-and-fast rules to establish when such circumstances exist. *See Davis v. Davis*, 143 Ariz. 54, 59 (1984). Instead, "[t]his determination will be left to the sound discretion of our trial courts." *Park*, 137 Ariz. at 105.

¶25 Wife argues the order for her to pay half the tax liability is inequitable. She contends that because Husband received most of the 2021 income and failed to disclose that taxes on that income were unpaid, the tax debt order is "extremely harsh." As discussed above, although Husband did not disclose that the tax debt was unpaid, Wife failed to question him about this at trial. In addition, Wife benefited from the community income, as a portion of it was directed toward paying off her debts, in accordance with the *Schickner* analysis Wife asked the superior court to perform.

¶26        The power granted by Rule 85(b)(6) "is not for the purpose of relieving a party from free, calculated and deliberate choices [s]he has made.  A party has a duty to take legal steps to protect h[er] own interests." *Roll v. Janca*, 22 Ariz. App. 335, 337 (1974) (citing *Ackerman v. United States*, 340 U.S. 193 (1950)).  Wife failed to cross-examine Husband about the outstanding tax debt and did not appeal the terms of the decree, which included a term granting her debt relief in lieu of a portion of Husband's 2021 income.  As such, the superior court did not abuse its discretion in denying her relief under Rule 85(b)(6).

III.    Attorneys' Fees and Costs on Appeal

¶27        Husband and Wife each request attorneys' fees and costs under A.R.S. § 25-324.  After considering the reasonableness of the parties' positions and their respective financial resources, we decline to award fees.  We award Husband taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶28        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR